**Lillian REISS, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education & Welfare, Appellee.**

**No. 176, Docket 29099.**

United States Court of Appeals Second Circuit.

Argued Nov. 18, 1964.

Decided Jan. 13, 1965.

Lillian Reiss, pro se.

George L. Barnett, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty., for the Eastern District of New York, on the brief), for appellee.

Before LUMBARD, Chief Judge, and MEDINA and MARSHALL, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Eastern District of New York dismissing, pursuant to Rule 12(b) of Fed.R. Civ.P. a complaint seeking judicial review of a final determination by the Ap-

peals Council of the Department of Health, Education and Welfare.

The handwritten complaint prepared by appellant without the aid of counsel is very ineptly drawn and quite confusing. However, the opening paragraph states: "I am currently receiving $59.00 per month disability insurance and I am asking for $125.00 per month. The Appeals Council denied my request for review of the Hearing Examiners decision." Appellee, the Secretary of Health, Education and Welfare, filed a motion to dismiss on the ground that the complaint failed to state a claim upon which relief can be granted. Yet Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), specifically provides:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * * As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

While the complaint in this case does not set forth facts to show an alleged absence of substantial evidence to support the findings and decision, the transcript in the possession of appellee would show either the presence or absence of such evidence.

Appellee also attacks the complaint for failure to show that it was filed within the 60 days required by the statute. However, appellant in arguing her case before this court produced a letter from the Appeals Council informing her of its refusal to review the Hearing Examiner's decision and this letter shows that the Appeals Council's decision was less than 60 days prior to the filing of her complaint. If requested to do so, appellant would no doubt have presented the letter to the trial court.

We, therefore, reverse the judgment and remand this case to the trial court with instructions to order appellee to file an answer with the full transcript as required by section 205(g) of the Social Security Act, as amended.