Marie B. KNIGHT, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary, Department of Health, Education, and Welfare, Social Security Administration, United States of America, Defendant.

Paul MAHAFFEY, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary, Department of Health, Education, and Welfare, Social Security Administration, United States of America, Defendant.

Civ. A. Nos. 4424, 4107.

United States District Court
W. D. South Carolina,
Greenville Division.

March 11, 1965.

Ernest J. Howard, Asst. U. S. Atty., for plaintiff.

John Bolt Culbertson, and Theodore Burns, Jr., Greenville, S. C., for defendants.

HEMPHILL, District Judge.

Defendant, Secretary of Health, Education, and Welfare, has moved to dismiss these two actions [1] on the basis that the appeals to this Court from an adverse decision of the Secretary were not made within the sixty days provided for in the applicable statute.

---

1. These two cases are consolidated because the questions of law are identical.

There is no dispute as to the time involved. Plaintiff Paul Mahaffey's complaint was filed one day beyond the sixty day period provided for, and plaintiff Marie B. Knight's complaint was filed three days beyond the sixty day period provided by the statute.

The only question is whether or not this Court has authority to deny defendant's motion to dismiss on the basis of some equity or other type of compelling reason.

Judicial review of final decisions on claims arising under Title II of the Social Security Act is provided for and limited by sections 205(g) and (h) of said Act (42 U.S.C. § 405(g) and (h). The remedy provided by section 205(g) is obviously exclusive. The relevant provisions read as follows:

"(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by *a civil action commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Secretary may allow. \* \* \*

"(h) The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 [the section of the Judicial Code defining the jurisdiction of the Federal district courts which has been superseded by section 1331 et al. of new Title 28 U.S.C.A.] to recover on any claim arising under this subchapter." [Emphasis supplied.]

The lack of jurisdiction of any court on any claim arising under Title II of the Social Security Act, except for judicial review in a timely action brought against the Secretary of Health, Education, and Welfare pursuant to section 205(g), would be just as clear even in the absence of the provisions of section 205(h) expressly denying any other jurisdiction.

In McCrae v. Johnson, 84 F.Supp. 220, 221-222 (D.Md.1949), the Court said:

"It is, of course, well known that federal courts are courts of limited jurisdiction; and the United States District Court has only that jurisdiction which is expressly conferred by Act of Congress, and within the constitutional grant of power of Article 3 of the Federal Constitution. Therefore when the jurisdiction of the court is challenged it is always necessary to be able to point to some federal statute which confers the jurisdiction in the particular case. \* \* \* \*"

■ It is well settled that, "The United States, as sovereign, is immune from suit save as it consents to be sued, \* \* \* and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058. "In awarding a review of an administrative proceeding Congress has power to formulate the conditions under which resort to the courts may be had." American Power and Light Co. v. S. E. C., 325 U.S. 385, 389, 65 S.Ct. 1254, 1256, 89 L.Ed. 1683. "\* \* \* [W]here a statute creates a right and provides a special remedy, that remedy is exclusive." United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 465, 63 L.Ed. 1011.

In N. L. R. B. v. Cheney California Lumber Co., 327 U.S. 385, 388, 66 S.Ct. 553, 554, 90 L.Ed. 739, the Supreme Court said:

"When judicial review is available and under what circumstances, are questions (apart from whatever requirements the Constitution may make in certain situations) that depend on the particular Congressional enactment under which judicial review is authorized. \* \* \*"

It is clear from the above provisions of the Social Security Act, sections 205(g) and (h), that the only civil action permitted on any claim arising under Title II of the Social Security Act is an action to review the "final decision of the Secretary made after a hearing * *," and that such action must be "commenced within sixty days after the mailing to him [the party bringing the action] of notice of such decision or within such further time as the Secretary may allow."

The complaints in the instant actions also fail to state a claim upon which relief can be granted, since they do not show upon their face that these actions were commenced within 60 days after the mailing of notice to the plaintiff of the defendant's final decision or within further time allowed by the defendant (or by the Appeals Council which acts for the defendant). The contrary is affirmatively established by the affidavits attached to defendant's motions.

That this action is barred by the time limitation specified in section 205(g) is clear from such decisions as Pennsylvania Co. for Insurances on Lives and Granting Annuities v. Deckert, 123 F.2d 979, 985 (3rd Cir. 1941), in which the Court said:

"It has been held almost universally that when a statute creating a new cause of action contains in itself a statute of limitations, the limitation imposed becomes an integral part of the right of action created by the statute and so limits it that an aggrieved person cannot maintain his suit after the time fixed by the statute has expired."

And in United States ex rel. Rauch v. Davis, 56 App.D.C. 46, 8 F.2d 907 (1925), the Court said:

" * * * [S]ince the United States can be sued only with the consent of Congress, the conditions imposed by Congress in respect to such actions must be strictly followed. * * * And, where the congressional consent specifies the time within which such actions may be brought, the provision operates as a condition of liability, not merely as a period of limitation." (Citations omitted.)

In Ewing v. Risher, 176 F.2d 641 (10 Cir. 1949), the plaintiff (Risher) brought an action against the then Federal Security Administrator (now Secretary), based on a claim for benefits under Title II of the Social Security Act which had been disallowed on the ground that the application for such benefits had not been filed within the time prescribed in the Social Security Act. The Court of Appeals, in reversing the District Court (which had reversed the Administrator), said in part:

"A creative right is one which is conferred by statute as distinguished from one which stems from the common law. The nature of such a right, its quality and character, are dependent upon the statute creating it. The rule is well settled that where a statute creates a right, such as the one in this case, unknown to the common law and limits the time within which the right must be asserted, the limitation defines and controls the right and the right ceases to exist if not asserted within the time fixed in the statute therefor.

176 F.2d at 644.

The Court in the Risher case, supra, quoted from the case of Matheny v. Porter, 158 F.2d 478 (10 Cir. 1946), which was an action under section 205(e) of the Emergency Price Control Act of 1942, as amended, and in which that Court said:

*"In a case of this kind brought under the provisions of a statute creating the right of action where none previously existed and qualifies the right of action by requiring that the suit to enforce it be brought within a limited time, it must affirmatively appear from the face of the complaint that the action was com-*

*menced within the prescribed time."* [Emphasis supplied.] 158 F.2d at 479–480.

■■ As already noted, since it does not affirmatively appear from the face of the complaints that the instant actions were commenced within the time prescribed by section 205(g), supra, they fail to state a claim upon which relief can be granted. Since it is affirmatively established by the affidavits that notices of the final decisions were mailed to the plaintiffs more than 60 days before the commencement of the actions, this Court lacks jurisdiction over the subject matter of the action.

In Zeller v. Folsom, 150 F.Supp. 615 (N.D.N.Y.1956), the Court, in granting the defendant's motion to dismiss, held that "the court lacks jurisdiction of the subject matter of this action" because the action was not commenced within the 60-day statutory period specified in section 205(g) of the Social Security Act. The complaint in that case was filed on the 61st day, just *1 day too late*. In rejecting plaintiffs' contentions, the Court said:

> "The plaintiffs' contention in opposing the motion seems to be based upon a misconception of the principle of law involved. The language of the statute, which authorizes the action, is ignored and the argument is made that the date of the receipt of the notice of the decision, rather than the date upon which it is mailed as provided in the statute, should be the commencement date of the sixty day period. It is also urged that since the notice of decision was served by mail, three days should be added to the period within which the action should be commenced.

> "The plaintiffs rely upon the provisions of Rule 6(a) and 6(e), F.R. Civ.P. No case is cited which supports such arguments and, in my opinion, the rules invoked do not apply. *Rule 82, F.R.Civ.P., provides that the Rules shall not be construed*

*to extend or limit jurisdiction of the United States District Courts.* It follows that jurisdiction of this action must exist in this court before the rules may apply thereto. Edwards v. E. I. DuPont De Nemours Co., 5 Cir., 183 F.2d 165, at page 168. Plaintiffs' contentions in effect seek to graft upon the statute authorizing the action the provisions of the Rule in order that this court may obtain jurisdiction in the first instance. This argument plainly contravenes the provisions of Rule 82, above referred to." [Emphasis supplied.] 150 F.Supp. at 617.

Also, in Frost v. Ewing, 13 F.R.D. 432 (M.D.Pa.1953), the Court held (in addition to holding invalid the purported service of process) that where the complaint was filed *1 day* after the expiration of the 60-day period specified in section 205(g) of the Social Security Act, supra, the action was commenced too late.

In Hobby v. Hodges, 215 F.2d 754 (10 Cir. 1954), the United States Court of Appeals, in discussing the question of the right to bring an action under section 205(g) of the Social Security Act, said in part:

> "After a final decision following a hearing, any individual who was a party to that hearing may obtain a review of such decision by civil action brought in the proper United States District Court, *but that action may be brought only within sixty days after the mailing to the party of the notice of such decision."* [Emphasis supplied.] 215 F.2d at 759.

Section 205(g) of the Social Security Act contains the sole jurisdictional basis for maintaining an action against the Secretary of Health, Education, and Welfare for judicial review of a final decision of the Secretary on a Title II claim. Congress has not waived the sovereign immunity from suit, except to the extent and in the manner provided in that section. Moreover, Congress

expressly evidenced its intent to bar any other basis for jurisdiction of a civil action on such a claim by section 205(h) of the Social Security Act, quoted supra.

Accordingly, the Secretary's motions to dismiss will be granted, with costs to follow.

And it is so ordered.