**Lola Mae SAXON, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary, Department of Health, Education, and Welfare, Social Security Administration, United States of America, Defendant.**

**Civ. A. No. 3027.**

United States District Court
W. D. South Carolina,
Greenville Division.

May 5, 1965.

Judgment for defendant in accordance with opinion.

Rodney A. Culbertson, Greenville, S. C., for plaintiff.

John C. Williams, U. S. Atty., for Western Dist. of South- Carolina, and Geddes Hugh Martin, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education, and Welfare. This section provides, *inter alia*, that "As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." It provides further that "The findings of the Secretary, as to any fact, if supported by substantial evidence, shall be conclusive." The next section, 205(h) of the Act, 42 U.S.C. § 405(h), restricts the court's function to such type of judicial review.

The plaintiff in this action filed application for disability benefits on October 18, 1957, alleging inability to perform gainful employment from November, 1946. After hearing testimony and considering medical reports submitted by the plaintiff, the hearing examiner denied her application on May 20, 1959. The Appeals Council upheld the hearing examiner by determination reached on August 20, 1959, and on the same day, the Council sent a letter advising the plaintiff of its action and further advising her that she had sixty days within which to commence an action for review in the United States District Court.

Rather than pursue her remedy as she had been advised by the Appeals Council, the plaintiff instead filed a new applica-

tion for disability benefits on March 31, 1960. Her request for a hearing was dismissed by the hearing examiner on April 14, 1961, upon the ground that the early determination was res judicata of the issue of disability. The Appeals Council declined to review said dismissal and so advised the plaintiff by letter which was sent on June 15, 1961. The plaintiff then commenced the instant action on September 14, 1961, alleging that she had been misled by employees of the local social security office and that because of advice received from said office, she had failed to commence timely action following receipt of the letter, referred to above, mailed to her on August 20, 1959.

In response to the plaintiff's action, the defendant moved to dismiss said action upon the ground that the Court lacked jurisdiction of the plaintiff's case. When the matter came before the Court, an order was issued, dated January 18, 1962, remanding the cause for further administrative action. The Appeals Council accordingly vacated its action on June 15, 1961, and referred the matter to a hearing examiner for the taking of further testimony. The hearing was conducted on April 16, 1962, at which such additional testimony was taken and further exhibits received. After a review of the entire record, the Appeals Council, by order dated January 29, 1963, affirmed its earlier order of April 14, 1961, thereby, in effect, dismissing the plaintiff's request for a hearing.

The instant case raises alternative issues:

(1) Is the claimant's failure to file timely action in this Court, following the notice of Appeals Council by letter of August 20, 1959, completely determinative of her claim to disability benefits?

(2) If not, has the claimant offered any evidence which would justify consideration of her claim on its merits?

## I

The first question stated differently, is whether or not this Court has authority to deny defendant's motion to dismiss

on the basis of some equity or other type of compelling reason.

■ Judicial review of final decisions on claims arising under Title II of the Social Security Act is provided for and limited by Section 205(g) and (h) of said Act (42 U.S.C. § 405(g) and (h). The remedy provided by Section 205(g) is obviously exclusive. The relevant provisions read as follows:

"(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by *a civil action commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Secretary may allow. * * *

"(h) The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Secretary, or any officer or employee thereof shall be brought under Section 41 of Title 28 (the section of the Judicial Code defining the jurisdiction of the Federal district courts which has been superseded by section 1331 et al. of new Title 28 U.S. C.A.) to recover on any claim arising under this subchapter." (Emphasis supplied.)

The lack of jurisdiction of any court on any claim arising under Title II of the Social Security Act, except for judicial review in a timely action brought against the Secretary of Health, Education, and Welfare pursuant to Section 205(g), would be just as clear even in the absence of the provisions of Section 205(h) expressly denying any other jurisdiction.

In McCrae v. Johnson, 84 F.Supp. 220, 221–222 (D.Md.1949), the Court said:

"It is, of course, well known that federal courts are courts of limited

jurisdiction; and the United States District Court has only that jurisdiction whch is expressly conferred by Act of Congress, and within the constitutional grant of power of Article 3 of the Federal Constitution. Therefore when the jurisdiction of the court is challenged it is always necessary to be able to point to some federal statute which confers the jurisdiction in the particular case. * * * "

It is well settled that, "The United States, as sovereign, is immune from suit save as it consents to be sued, * * * and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058. "In awarding a review of an administrative proceeding Congress has power to formulate the conditions under which resort to the courts may be had." American Power and Light Co. v. S. E. C., 325 U.S. 385, 389, 65 S.Ct. 1254, 1256, 89 L.Ed. 1683. " * * * [W]here a statute creates a right and provides a special remedy, that remedy is exclusive." United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 465, 63 L.Ed. 1011.

In N. L. R. B. v. Cheney California Lumber Co., 327 U.S. 385, 388, 66 S.Ct. 553, 554, 90 L.Ed. 739, the Supreme Court said:

> "When judicial review is available and under what circumstances, are questions (apart from whatever requirements the Constitution may make in certain situations) that depend on the particular Congressional enactment under which judicial review is authorized. * * * "

■ It is clear from the above provisions of the Social Security Act, Section 205(g) and (h), that the only civil action permitted on any claim arising under Title II of the Social Security Act is an action to review the "final decision of the Secretary made after a hearing * * *," and that such action must be "commenced within sixty days after the mailing to him (the party bringing the action) of notice of such decision or within such further time as the Secretary may allow."

The complaint in the instant action also fails to state a claim upon which relief can be granted, since it does not show upon its face that this action was commenced within 60 days after the mailing of notice to the plaintiff of the defendant's final decision or within further time allowed by the defendant (or by the Appeals Council which acts for the defendant). The contrary is affirmatively established by the affidavits attached to defendant's motions and is conceded by the plaintiff.

That this action is barred by the time limitation specified in Section 205(g) is clear from a reading of Knight v. Celebrezze, 238 F.Supp. 897 (W.D.S.C.1965). The decision there is determinative of the first question raised in the instant case. Therein, this Court, after an extensive review of the applicable authorities, concluded:

> "As already noted, since it does not affirmatively appear from the face of the complaints that the instant actions were commenced within the time prescribed by Section 205 (g), supra, they fail to state a claim upon which relief can be granted. Since it is affirmatively established by the affidavits that notices of the final decisions were mailed to the plaintiffs more than 60 days before the commencement of the actions, this Court lacks jurisdiction over the subject matter of the action.

> * * * * * *

> "Section 205(g) of the Social Security Act contains the sole jurisdictional basis for maintaining an action against the Secretary of Health, Education, and Welfare for judicial review of a final decision of the Secretary on a Title II claim. Congress has not waived the sovereign immunity from suit, except to the extent and in the manner provided in that section. Moreover,

Congress expressly evidenced its intent to bar any other basis for jurisdiction of a civil action on such a claim by section 205(h) of the Social Security Act, quoted supra." 238 F.Supp. at page 900.

▇ In the instant action, it is agreed that the plaintiff, after August 20, 1959, failed to file her action for review of the final decision of the Secretary within the sixty-day period allowed by statute. Indeed, the plaintiff waited months before taking any steps in her own behalf. On this basis, plaintiff is barred.

## II

It is also clear that plaintiff has not offered compelling evidence to justify a new consideration of her claim on its merits. There are three questions to consider in this regard:

A. Did claimant's failure to file timely action result from reliance on misinformation provided by employees of the Social Security District Office and, if so, is claimant's status before the Court improved thereby?

B. Is the Hearing Examiner's decision on the first claim (May 20, 1959), res judicata of the second claim (decided April 14, 1961) because the second claim presents the same issues arising from the same facts as the first claim?

C. Has claimant presented any new and material evidence which would justify reopening her first claim?

## A.

It is conceded by the claimant that she failed to file timely action in the District Court following the final decision of the Secretary of Health, Education, and Welfare, of which decision claimant had notice by letter dated October 20, 1959. Indeed, the civil action commenced on September 14, 1961, in which a hearing was held on April 16, 1962, is directed to an attempt to excuse claimant's failure to properly file a timely action in 1959. The Evidence presented by both the claimant and by the District Office of the Social Security Administration can only lead one to conclude that this claimant was not in fact misled by representations of employees at the District Office with regard to a proper course of action upon the final decision of the Secretary. This matter was discussed fully by the Appeals Council in their decision dated January 29, 1963.

▇ Plaintiff has not proved her charge that she was misled. However, could it be said that she was misled, it is hornbook law that the Government is not bound by the acts of any of its agents, servants, or employees, when said acts are made outside the scope of the agent's authority. See United States v. Goldtra, 312 U.S. 203, 61 S.Ct. 487, 85 L.Ed. 776. No employee of the Social Security District Office has authority, nor did the claimant make any attempt to show such authority, to advise persons on proper procedure for bringing actions in Federal District Courts. Therefore, the whole thrust of the claimant's argument that she was misled into ignoring her rights could not succeed even if misleading had been proved, as, of course, it was not.

## B.

▇ The proposition that the hearing examiner's decision as to the first claim filed by this claimant is res judicata of the second claim considered herein is a matter of law. This question is fully discussed and answered in the decision of the Appeals Council. But even if this be not the case, the Court's examination of the entire record is invited. An examination of the record shows that the claimant, upon her second hearing, offered no new and material evidence as to disability. Such evidence as was offered upon second hearing can only be described as cumulative.

## C.

▇ The claimant has raised, almost by suggestion alone, the thought that she has insufficient mental capacity to be bound by applicable statutes and regulations which create the limitation asserted

herein against the claimant. As stated by the Appeals Council:

"Neither the objective medical evidence of record nor the claimant's responses at two hearings support such a conclusion. Furthermore, the actions of her son, Glenn, who took her to the first hearing but did not enter the hearing room with her, and her daughter, Nancy, who accompanied her on her trips to the Social Security District Office, but never discussed her mother's claim with anyone at the District Office, belie the expressed opinions that the claimant was not capable of conducting her own affairs."

The claimant herein has not met her burden of showing good cause to reopen the original decision of the Secretary. Accordingly, the motion will be dismissed and judgment entered for defendant.

Costs will not be taxed.

And it is so ordered.