**Eugene and John JILKA, Appellants,**

**v.**

**J. Glenn MICKLEY, Carl Lindahl and J. M. Shumway, Review Committee of the Saline County, Kansas, Agricultural Stabilization and Conservation Service Committee, Appellees.**

**No. 8022.**

United States Court of Appeals
Tenth Circuit.

June 28, 1965.

Harold F. Crowther, Salina, Kan., for appellants.

Martin Jacobs, Washington, D. C. (John W. Douglas, Asst. Atty. Gen.,

Newell A. George, U. S. Atty., and Alan S. Rosenthal and Frederick B. Abramson, Attorneys, Department of Justice, on the brief), for appellees.

Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Our decision in Jilka v. Saline County, 10 Cir., 330 F.2d 73, did not end the efforts of the Jilkas to upset the denial to them of an additional wheat allotment and the imposition on them of a penalty for overproduction. About a month after our decision the Jilkas filed a new action in state court. It was removed to federal court under 28 U.S.C. § 1442 and the court sustained a motion to dismiss on the ground that the action was not timely. This appeal followed.

An understanding of the case requires a review of the facts. The controversy arose under the Agricultural Adjustment Act of 1938, as amended, 7 U.S.C. § 1281 et seq. The Jilkas petitioned the Saline County, Kansas, Agricultural Stabilization and Conservation Committee (ASC) for an additional wheat allotment. This was denied and a penalty imposed. As permitted by 7 U.S.C. § 1363, the Jilkas appealed to the Review Committee which, on January 24, 1962, upheld the ASC.

Court review of actions of the Review Committee is covered by §§ 1365 and 1366, and must be brought within 15 days after the mailing of the decision sought to be reviewed. Section 1367 says that the statutory method of court review is exclusive.

The adverse decision of the Review Committee was mailed to the Jilkas on January 24, 1962. The first court action was filed on January 11, 1963. The district court dismissed it as untimely and we affirmed. See 330 F.2d 73, 74.

In the second suit, the one which gives rise to this appeal, the Jilkas allege that on January 25, 1962, they made written request to the "appellees" to present additional and newly discovered evidence. Neither the nature of this evidence nor the reasons why it was not sooner discovered appear in the record. The Jilkas further allege that by letter dated May 15, 1964, the regional attorney informed them that their request to reopen had been denied. This action was then filed on May 25, 1964, and was dismissed by the district court because it was not timely.

The apparent theory of the Jilkas is that the action was properly brought within 15 days after they learned of the denial of their motion to reopen. Such motion does not have statutory support but is permitted by the Marketing Quota Review Regulations, 7 C.F.R. § 711.25 (b).

We agree with the district court that the action must be dismissed because it was not brought within the 15-day period provided by § 1365. Nothing in the statutes extends this time when a motion to reopen is filed. The regulations could not extend the time because § 1367 says that the statutory method of court review is exclusive. Indeed, the regulations do not purport to extend the time.

The Jilkas contend that they are denied due process of law if they may not have court review of the rejection of their request to reopen. The pertinent regulation, § 711.25, provides that a hearing may be reopened by the Review Committee on its own motion, by the applicant, the ASC or other interested parties, and by the Secretary. The petition of the Jilkas is general and vague. From it we cannot ascertain to whom the Jilkas applied for reopening or by whom their request was rejected.

In Hobby v. Hodges, 10 Cir., 215 F.2d 754, 757–758, we reviewed the authorities holding that Congress has the power to provide the conditions under which an administrative proceeding may be reviewed in the courts; that Congress may create rights without providing a remedy in the courts; and that upon the creation of rights by Congress it may withhold all remedy or may provide an administrative remedy only and make it exclusive. These principles apply here.

If the petition seeks relief from the January 25, 1962, order of the Review Committee it comes too late. If it seeks review of the action of the Review Committee, the ASC, or the Secretary, whoever acted, in denying the request to reopen, no court review is authorized by the statute. In either event the requirements of due process have been satisfied.

Affirmed.