**Rosa H. SATTERFIELD, Plaintiff,**

v.

**Anthony CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 4910.**

United States District Court
W. D. South Carolina,
Greenville Division.

July 28, 1965.

Clement L. McEachern, Greenville, S. C., for plaintiff.

John C. Williams, U. S. Atty., and Geddes Hugh Martin, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Defendant, Secretary of Health, Education, and Welfare, has moved to dismiss this action on the basis that the appeal to this Court from an adverse decision of the Secretary was not made within the sixty days provided for in the applicable statute.

There is no dispute as to the time involved. Plaintiff's complaint was filed sixty-one days after the notice of an adverse decision was mailed to plaintiff by the Secretary or his representative in Washington.

Counsel for plaintiff avers that the time should begin to run sixty days after receipt of the notice, not sixty days from the date of the mailing. Regretfully, this argument fails.

Judicial review of final decisions on claims arising under Title II of the Social Security Act is provided for and

limited by Sections 205(g) and (h) of said Act, 42 U.S.C. § 405(g) and (h). The remedy provided therein is exclusive. The language of these relevant subsections is as follows:

(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by *a civil action commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Secretary may allow. \* \* \*

(h) The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, of governmental agency except as herein provided.* \* \* \* [Emphasis supplied.]

The reasoning and discussion set out by this Court in Knight v. Celebrezze, 238 F.Supp. 897 (W.D.S.C.1965) is applicable here. There were two plaintiffs therein, one filed a complaint one day late, the other three days late. The actions were dismissed because there is simply no jurisdiction in the District Court after the sixty day period.

■■ As was pointed out in Knight, supra, at page 900:

Section 205(g) of the Social Security Act contains the sole jurisdictional basis for maintaining an action against the Secretary \* \* \* for judicial review of a final decision \* \* \* on a Title II claim. Congress has not waived the sovereign immunity from suit, except to the extent and in the manner provided in that section. Moreover, Congress expressly evidenced its intent to bar any other basis for jurisdiction of a civil action on such a claim by section 205(h) of the Social Security Act, quoted supra.

■ The complaint must show upon its face that it was filed "within sixty days after the mailing of notice to the plaintiff" or the claim is not cognizable. Saxon v. Celebrezze, 241 F.Supp. 152, 155 (W.D.S.C.1965). See also Jamieson v. Folsom, 311 F.2d 506 (6th Cir. 1963), cert. den. 374 U.S. 487, 83 S.Ct. 1868, 10 L.Ed.2d 1043, rehearing den. 375 U.S. 871, 84 S.Ct. 31, 11 L.Ed.2d 100.

■ The word "mailing" used in Section (g) does not refer to the time when plaintiff received, or perhaps, should have received, the notice. The word means that the latter was placed in an appropriate mail receptacle maintained by the Post Office Department, properly addressed, with postage prepaid. See Texas Cas. Ins. Co. v. McDonald, Tex. Civ.App., 269 S.W.2d 456, 457; and 26 Words and Phrases p. 55. The Secretary's representative's affidavit shows on its face that this was accomplished and there is no evidence to the contrary. Cf. Reiss v. Celebrezze, 340 F.2d 93 (2nd Cir. 1965).

Plaintiff has the Court's sympathy for her dilemma, but the judicial door has been fastened securely by the Congress.

The Secretary's motion to dismiss will be granted, with costs to follow. The Clerk will enter judgment accordingly.

And it is so ordered.