**Lillian D. LARSON, Plaintiff,**

v.

**George ROMNEY, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 4425.**

United States District Court
D. North Dakota,
Northeastern Division.

May 22, 1969.

David Garcia, Devils Lake, N. D., for plaintiff.

Gary Annear, Asst. U. S. Atty., Fargo, N. D., for defendant.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

The matter is before the Court on defendant's motion to dismiss for lack of jurisdiction on the grounds that this action was not commenced within the 60 day period provided for in Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g):

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by *a civil action commenced within sixty days after the mailing of such decision* or within such further time as the Secretary may allow. * * *" (Emphasis supplied.)

By failure to seek review within the 60 days provided plaintiff's right to such review ceased to exist. Jamieson v. Folsom, 311 F.2d 506 (7th Cir.1963), cert. den. 374 U.S. 487, 83 S.Ct. 1868, 10 L.Ed.2d 1043, rehearing den. 375 U.S. 871, 84 S.Ct. 31, 11 L.Ed.2d 100; Satterfield v. Celebrezze, 244 F.Supp. 190 (W.D.S.C.1965).

While it is not disputed that the final, adverse decision of the Secretary of Health, Education and Welfare was rendered on December 6, 1968, and that this action was not commenced until February 6, 1969, 62 days later, the plaintiff takes the position that notice of the Secretary's decision and a copy thereof were not mailed to her personally, but were sent to her brother and to her counsel and "until she receives notice as provided by Section 205(9) (sic) of 42 U.S.C. § 405(9) (sic) that not only has the limitation period not run, it has not started."

Plaintiff first submitted her claim for disability benefits on April 6, 1967. This claim was denied by the Secretary on August 14, 1967, and on September 26, 1967, because of plaintiff's mental condition, her brother requested reconsideration of the denial. The Secretary affirmed his previous decision on November 1, 1967, and her brother then requested a hearing before a Hearing Examiner of the Bureau of Hearings and Appeals, Social Security Administration.

Pursuant to this request a hearing was held on June 17, 1968. On the same date plaintiff's counsel, David Garcia of Devils Lake, North Dakota, filed with the Social Security Administration a "Notice by Attorney of Appointment as Representative" which contained the following:

"I have been appointed by Orville J. Larson for Lillian D. Larson to act as (his) (her) representative with respect to (his) (her) claim under the Social Security Act based on the earnings of Lillian D. Larson 501–40–0749. "I am authorized to obtain from the Administration information concerning this claim and; it is understood that any notice or request sent to me shall have the same force and effect as if sent to the above claimant."

On July 29, 1968, the Hearing Examiner entered a decision favorable to plaintiff but the Appeals Council, on its own motion, decided to review the decision and so notified both plaintiff's brother and plaintiff's counsel. On December 8, 1968, a decision adverse to the

plaintiff was made and the notice required by Section 405(g) was sent to both plaintiff's brother and to her counsel.

For plaintiff's counsel now to contend that this was insufficient notice within the meaning of the Act is an unsupportable argument and without merit.

It is ordered that defendant's motion to dismiss be and it is hereby granted, and that plaintiff's complaint be and it hereby is dismissed.