**Violet J. LAUTARES, Petitioner,**

v.

**J. A. SMITH, Sam V. Tugwell, and Earl Barrow, Members of Review Committee for Johnston County, Respondents.**

Civ. No. 671.

United States District Court,
E. D. North Carolina,
Washington Division.

Dec. 3, 1969.

Douglas P. Connor, Mt. Olive, N. C., M. E. Cavendish, Greenville, N. C., for petitioner.

Warren H. Coolidge, U. S. Atty., by J. C. Proctor, Asst. U. S. Atty., for respondents.

## OPINION and ORDER

LARKINS, District Judge:

### SUMMARY

This cause comes before the Court as a petition for rehearing filed by the petitioner on June 10, 1969, following the entry of an Order by this Court on December 24, 1968 dismissing the petitioner's original bill in equity seeking a review of an adverse determination by the respondents herein, the Johnston County Review Committee, such committee having been appointed by the United States Secretary of Agriculture pursuant to the provisions of Title 7 U.S.C.A. § 1363. The Order of dismissal was entered following the failure of petitioner to respond within twenty days to respondents' motion to dismiss for lack of jurisdiction on the grounds that the plaintiff had failed to bring her action within the filing period of fifteen days following the mailing of the Review Committee's determination as prescribed by Title 7 U.S.C.A. § 1365. The action was filed on August 9, 1968, two days after the expiration of the 15-day period, which allegedly had begun on July 23, 1968, the date of the "mailing" of the determination.

In her petition for rehearing, petitioner alleged, as grounds for the delay in filing the petition for rehearing, that neither she nor her attorney received this Court's Order of December 24, 1968, un-

til after May 20, 1969, and asserted, as grounds for the delay in filing the original action, that the Review Committee's determination was not properly addressed to her. Petitioner alleged that the Review Committee refused to comply with this Court's Order of May 9, 1968, directing it to conduct further fact-finding proceedings, but, instead, merely reinstated its previous determinations. Petitioner asked that the Court permit the introduction of additional oral and documentary evidence that would have a substantial influence on the outcome of this proceeding.

The respondents, in a motion to deny the petition for rehearing filed on June 30, 1969, asserted that the plaintiff's allegations have no bearing on the question of jurisdiction and showed that the Review Committee's determination was received by the petitioner on July 26, 1968, after being mailed on July 23, 1968.

This Court held an evidentiary hearing on the petition in chambers at Trenton, North Carolina, on September 24, 1969. This Opinion and Order is being entered after a due consideration and review of the pleadings, exhibits, oral argument of counsel and transcript of the proceedings before this Court on September 24th.

## FINDINGS OF FACT

This case was originally before the Court as Civil No. 635, Washington Division, an action in which the petitioner sought to have this Court review an adverse determination by the respondents herein on her request for a reconstitution of certain crop allotments on land which she owned. On May 9, 1968, this Court remanded the case to the Review Committee with specific directions that the committee should find facts as were supported by the evidence that would enable a "just and true determination of the issues raised by the plaintiff." The merits of the controversy and the petitioner's contentions are set forth in that

Opinion and Order, Lautares v. Smith et al., 285 F.Supp. 578 (E.D.N.C., 1968).

The Johnston County Review Committee, consisting of the individual respondents named herein, conducted a hearing at the Johnston County A.S.C.S. Office on June 13, 1968, at 10:30 A.M. The petitioner was present at the hearing and represented by her attorney, Mr. M. E. Cavendish, Esq., of Greenville, North Carolina. The committee's determination, in which it reaffirmed the decision of June 7, 1967, was made at Snow Hill, North Carolina, on July 18, 1968, and all three members of the committee concurred in the determination. The name and address of the applicant as listed on the "Statement of the Case, Findings of Fact, Conclusions and Determination" is "Mrs. Violet J. Lautares, 2303 East Third Street, Greenville, N. C. 27834." This Court makes no findings and states no opinion at this time on the question of whether the Review Committee on July 18, 1968, made adequate findings of fact or whether the determination is in compliance with this Court's directive of May 9, 1968.

On July 23, 1968, Mr. William I. Welons, Clerk to the Johnston County Review Committee, deposited in the mail by certified mail at Smithfield, North Carolina, a copy of the Review Committee's determination addressed to "Mrs. Violet J. Lautares, 2303 East Third Street, Greenville, N. C. 27834." The determination was received at the post office in Greenville on July 25, 1968, but because Mrs. Lautares has a post office box, the notice of the arrival of an article by certified mail was not delivered to her street address. However, the notice of the arrival was mistakenly placed in box number 507 (Mrs. Lautares' box number is 506), and the error was not corrected until the following day, the 26th, at which time Mrs. Lautares received the notice, picked up the Review Committee's determination and signed a receipt for it. The 26th of July being on a Friday, the petitioner did not give

the determination to her attorney, Mr. M. E. Cavendish until the following Monday, July 29th. (Tr. p. 15).

There is a dispute between the parties as to whether the address used by the Clerk to mail the Review Committee's determination to the petitioner was in fact the correct address. The petitioner contends that the mailing was not properly addressed since she received her mail at a post office box and the envelope was addressed to a street address. The petitioner introduced at the hearing before this Court exhibits to the effect that she had received letters from the Johnston County A.S.C.S. Office addressed to her at her box number and had advised the A.S.C.S. Office that mail should be sent to her at her box number and not at her street address. (Tr. p. 5, 26–27). However, the affidavit of William I. Wellons which was attached to the respondents' motion to dismiss the petition for rehearing shows that all notices of hearings and copies of determinations were sent to the petitioner at her street address, which was the address used by the petitioner in her application for review and other papers which she furnished the Review Committee. He also stated that Mrs. Lautares had never requested the Review Committee to use any address other than the street address. The record shows, and it is apparently not disputed by the petitioner, that at least one prior mailing, the Review Committee's first determination on June 7, 1967, was sent to the petitioner at her street address on June 9, 1967, and, as shown by the receipt for certified mail, was received by her on June 13, 1967. The respondents pointed out in the memorandum submitted to the Court on November 21, 1969, that the members of the Review Committee are from adjoining counties and do not use the mailing plates used by the Johnston County A.S.C.S. Office. This would account for the petitioner's having received mail addressed to her post office box on some occasions and to her street address on other occasions.

Following the receipt of the adverse determination, the petitioner commenced the present action by the filing of her bill in equity seeking review of the committee's decision on August 9, 1968, seventeen days after July 23, 1968, the day on which the Clerk had deposited the determination in the mail at Smithfield, North Carolina. The petitioner's attorney testified at the hearing before this Court that the reason for the delay was that he assumed that the day on which the determination had been mailed was July 25th since this date was stamped on the envelope underneath the petitioner's address and she had received the envelope on July 26th. He did not notice that the postmark showed that it had been mailed on July 23rd. (Tr. pp. 12–13). (A copy of the face of the envelope is appended hereto and made a part of this Opinion and Order).

The respondents filed, on October 4, 1968, a motion to dismiss the action on the grounds that the Court lacked jurisdiction because the petitioner had failed to file the action within the 15-day period set forth in the statute. On November 21, 1968, the respondents filed an amended motion to dismiss to which was attached an affidavit of William I. Wellons showing that he had mailed the determination to the petitioner on July 23rd. On November 27, 1968, this Court wrote a letter to the United States Attorney in which it set forth that the respondent (the petitioner herein) would have 20 days in which to file a response after which the Court would proceed to make a determination. A copy of the letter was mailed to and received by the petitioner's attorney, Mr. M. E. Cavendish. (Tr. p. 19). No response being filed within the 20-day period, the United States Attorney's Office prepared and submitted to this Court for its approval and signature a proposed order dismissing the action in accordance with the grounds set forth in the motion of November 21st. On December 24, 1968, the same day on which this Court executed and submitted to the Clerk for fil-

ing the order prepared by the United States Attorney's Office, this Court received the petitioner's response to the November 21st motion. At the hearing before this Court, Mr. Cavendish testified that he had failed to respond to the motion because his secretary's children had been sick with the flu and he had been forced to operate without a secretary for approximately two weeks. (Tr. p. 18).

The Order was executed by the Court on December 24th and was filed and entered on December 30th. The docket entries show that one copy was mailed to Mr. M. E. Cavendish, Attorney At Law, P. O. Box 168, Greenville, North Carolina 27834 and that four copies were mailed to the United States Attorney's Office in Raleigh.

Mr. Cavendish testified that he did not receive a copy of the Order until sometime after May 20, 1969, when a copy was sent to him following an inquiry into the matter by the petitioner's new attorney, Mr. Douglas P. Connor of Mount Olive, North Carolina. (Tr. p. 20). Following the inquiry by Mr. Connor, the petitioner filed, on June 10, 1969, the present petition to which the United States Attorney responded on June 30, 1969. This Court scheduled a hearing for September 24, 1969, and at the hearing directed that the parties submit additional memoranda within 10 days after receipt of the transcript of the hearing. The transcript was received by the Court on November 12, 1969, and the supplemental memoranda were received from both parties on November 21st.

## CONCLUSIONS OF LAW

The statutory authorization for the filing of the petitioner's bill in equity is found in § 365 of the Agricultural Adjustment Act of 1938, as codified, Title 7 U.S.C.A. § 1365:

If the farmer is dissatisfied with the determination of the review committee, he may, *within fifteen days after a notice of such determination is* *mailed* to him by registered mail or by certified mail, file a bill in equity against the review committee as defendant in the United States district court, or institute proceedings for review in any court of record of the State having general jurisdiction, sitting in the county or the district in which his farm is located, for the purpose of obtaining a review of such determination. * * * (emphasis added).

Section 1366 of Title 7 defines the nature and extent of the district court's review and § 1367 states that the jurisdiction conferred by this part of the statute to review the legal validity of the determination made by a review committee shall be exclusive.

The issue in the present case is whether under the circumstances surrounding the mailing of the determination, the petitioner's receipt of it and the filing of her bill in equity, the petitioner met the 15-day filing requirement called for by the statute. The resolution of this question turns on which day is used as the first day for computation. The petitioner concedes that the statute contemplates a 15-day period commencing with the mailing of the determination, not the receipt of it, and that the determination was deposited in the mails by Mr. Wellons on July 23, 1968. By a rather ingenious argument, however, counsel for petitioner, arguing that the statute contemplates a *proper* mailing, suggests that the envelope was not properly addressed and that the determination was not actually "mailed" until the post office employee at Greenville placed the proper box number on the envelope on July 26th. If the 26th were considered to be the day of mailing, instead of the 23rd, the day on which the envelope was deposited in the mail by Mr. Wellons, the 15-day filing period would expire on August 10, 1968, one day after the petitioner filed her bill in equity. The respondents of course contend that the envelope was properly addressed and that the determination was "mailed" on

the 23rd, the day it was deposited in the post office in Smithfield.

An examination of the legal authorities does not reveal an abundance of cases in which courts have considered the strictness with which the 15-day filing requirement in the present statute should be applied. In fact, this Court has been unable to find a case in which the bill in equity was filed as little as two days after the expiration of the 15-day period. *Cf.* Jilka v. Mickley, 348 F.2d 154 (10th Cir., 1965), (action filed almost a year after the mailing of the review committee's determination was properly dismissed by the district court).

■ Although there are very few cases interpreting the 15-day requirement here under consideration, an analogy can be drawn between this requirement and the 60-day requirement pertaining to requests for judicial review of final decisions by the Secretary of Health, Education and Welfare under 205(g) of Title II of the Social Security Act, as codified, Title 42 U.S.C.A. § 405(g):

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Secretary may allow. * * * (emphasis added).

A number of cases have discussed the relationship between the district court's jurisdiction and the timeliness of an action filed under § 405(g), one of the most comprehensive discussions appearing in the district court decision of Knight v. Celebrezze, 238 F.Supp. 897 (W.D.S.C., 1965). In his opinion, Judge Hemphill discussed the well-settled principle that where judicial review is made available by Congress, the limitations and circumstances in which the review is made available must be strictly followed. Moreover, where an action is brought under a statute creating a right of action where none previously existed, it must affirmatively appear from the face of the complaint that the action was brought within the time prescribed by the statute in order for the court to assume jurisdiction. 238 F.Supp. at 898–900. In that case, the plaintiffs had filed their complaints one day and three days late respectively, and the court refused to entertain the request for judicial review. A great number of decisions are in accord with the *Knight* opinion, *e. g.*, American Power and Light Co. v. S. E. C., 325 U.S. 385, 389, 65 S.Ct. 1254, 1256, 89 L.Ed. 1683 (1945); United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); Ewing v. Risher, 176 F.2d 641 (10th Cir., 1949); Matheny v. Porter, 158 F.2d 478 (10th Cir., 1946); Zeller v. Folsom, 150 F.Supp. 615 (N.D. N.Y., 1956) (one day late); Frost v. Ewing, 13 F.R.D. 432 (M.D.Pa., 1953) (one day late); Larson v. Romney, 298 F.Supp. 1267 (D.N.D., 1969) (two days late).

The meaning of the word "mailing" in § 205(g) was also considered by Judge Hemphill in Satterfield v. Celebrezze, and his definition is applicable to this Court's consideration of the meaning of "mailed" in § 1365. 244 F.Supp. 190, 192 (W.D.S.C., 1965). Judge Hemphill stated:

> The word "mailing" used in Section (g) does not refer to the time when plaintiff received, or perhaps should have received, the notice. The word means that the latter was placed in an appropriate mail receptacle maintained by the Post Office Department, properly addressed, with postage prepaid. * * * [cites omitted]

■ Adopting the above definition of mailing and adopting the strict interpretation of the 15-day filing requirement, an approach which the Court is impelled to take by the language and holdings of the many cases which have considered the principles relevant herein,

the Court must now return to the petitioner's argument that the envelope was not properly addressed and was therefore not "mailed" until it *was* properly addressed on July 26th by the Greenville postal employee. This Court is in agreement with the petitioner's contention that the statute contemplates a proper mailing and that a proper mailing would necessitate the using of a proper address. The question then becomes whether the Clerk of the Review Committee, Mr. William I. Wellons, was justified in using the petitioner's street address as her mailing address in place of the box number and whether in fact that address was designed to and did result in the petitioner's receiving the determination of the committee within such a reasonable time as to make the mailing of the determination a proper mailing within the meaning of the statute.

After reviewing the circumstances as presented to the Court through the pleadings, the exhibits and the argument and representations of counsel, this Court is of the opinion that the envelope was properly addressed and that the Review Committee's determination was mailed to the petitioner on July 23, 1968, when it was deposited in the mails at Smithfield, North Carolina. The Court notes that the petitioner had on some occasion furnished the Review Committee with her street address as a mailing address and that the committee had in fact sent at least one earlier communication to her at that address, i. e., the June 7, 1967, determination which had been mailed on June 9, 1967, and received on June 13, 1967. The committee had received a receipt signed by Mrs. Lautares for that particular mailing, and, therefore, Mr. Wellons was justified in believing that the determination mailed on July 23, 1968, would also reach its destination if mailed to the same address. Although the use of the street address did result in a mistake by the post office department which caused the petitioner to receive the determination on Friday the 26th instead of Thursday the 25th, it can hardly be said that the delay was prejudicial to the petitioner in terms of preventing her from filing the bill in equity within the prescribed time. When she received the determination on Friday, she had twelve days left in which to file her action, and her attorney, though not notified until Monday, still had nine days left in which to prepare the pleading. Since he had been through the routine of preparing the earlier bill in equity, it cannot be said that he was faced with a task of monumental proportions. In fact, the petitioner makes no contention that the time left was not sufficient to permit the preparation of the pleading. The failure to file the bill in equity within the 15 days was simply a mistake on the part of the petitioner and her counsel. (Tr. pp. 15–17).

Although the failure of the petitioner's attorney to file a response to the respondents' motion to dismiss of November 21, 1968, within the 20-day period and the failure to take any action on the Order of December 24th until May of 1969 are not in themselves determinative of the questions presented herein, these oversights do indicate a lack of interest in pursuing the merits of the controversy and perhaps lend some support to this Court's decision that it should not now go back and look into the merits of the petitioner's claims. The Court concludes, therefore, after a careful consideration of the record as a whole and the relevant points of law that the petitioner is entitled to no relief on her petition for rehearing, her contentions being without merit.

## ORDER

Now therefore, in accordance with the foregoing, it is:

Ordered that the petition be, and the same hereby is, denied;

Further ordered that the Clerk shall serve copies of this Opinion and Order upon all counsel of record.

Let this order be entered forthwith.

POSTAGE AND FEES PAID
U. S. DEPARTMENT OF AGRICULTURE

JUL 23 1938

UNITED STATES DEPARTMENT OF AGRICULTURE
AGRICULTURAL STABILIZATION AND CONSERVATION SERVICE
JOHNSTON ASC COUNTY COMMITTEE
BOX 180
SMITHFIELD, N. C. 27577

OFFICIAL BUSINESS

CERTIFIED - RETURN RECEIPT REQUESTED

CERTIFIED MAIL
No. 286090

Mrs. Violet J. Lautares
2303 East Third Street
Greenville, N. C.  27834

JUL 25 1968

22
[A952]