**Edward S. MONOHAN, Plaintiff,**

v.

**J. Lassing HUEY et al., Defendants.**

**No. 1590.**

United States District Court,
E. D. Kentucky,
Covington Division.

Oct. 15, 1971.

John G. Wright, Warsaw, Ky., for plaintiff.

Eugene E. Siler, Jr., U. S. Atty., by John M. Compton, Asst. U. S. Atty., Lexington, Ky., for defendants.

## MEMORANDUM

SWINFORD, District Judge.

This action was initiated in the Gallatin Circuit Court of Kentucky by the plaintiff to review a determination of the Gallatin County Review Committee affirming a decision by the Gallatin County Agricultural Stabilization Conservation Service Committee establish-

ing a burley tobacco acreage allotment for the plaintiff's farm. On July 13, 1971, the defendants, each of whom were at all times relevant to the complaint federal officers of the United States Department of Agriculture, properly removed the action from the Gallatin Circuit Court to this court pursuant to 28 United States Code § 1441(a) and 7 United States Code § 1365. Beckman v. Graves, 360 F.2d 148 (10th Cir. 1966). The record is now before the court on a motion to dismiss by the defendants.

The defendants contend that the action was not commenced within the proper amount of time after the plaintiff received notice of the determination of the Review Committee. Section 1365 of Title 7, United States Code provides in part as follows:

"If the farmer is dissatisfied with the determination of the review committee, he may, within fifteen days after a notice of such determination is mailed to him by registered mail or by certified mail, file a bill in equity against the review committee . . ."

The defendants assert that the determination of the review committee was mailed to the plaintiff on May 25, 1971, but that the plaintiff did not file his bill in equity until June 10, 1971, some sixteen days after the determination of the review committee had been mailed. The evidence shows that the determination of the review committee was, in fact, mailed on May 25, 1971, and shows that suit was not filed until June 10, 1971. The issue before the court is, therefore, whether a failure to file suit within fifteen days of the mailing of the determination of the review committee as specified by 7 United States Code § 1365 warrants a dismissal of the complaint.

It is the judgment of the court that the complaint must be dismissed. In Lautares v. Smith, 308 F.Supp. 656 (D.C.1969), the plaintiff's complaint was dismissed for failure to file within the fifteen day period. The plaintiff argued that because of mailing delays she did not receive notice of the review committee's determination as soon as she should have or normally would have, and consequently her failure to file her bill in equity within the fifteen day statutory period was excusable. (Her complaint was apparently filed two days after the fifteen day period had expired.) The court did not agree and in denying her petition for a rehearing on the dismissal of her bill in equity stated:

". . . where judicial review is made available by Congress, the limitations and circumstances in which the review is made available must be strictly followed. Moreover, where an action is brought under a statute creating a right of action where none previously existed, it must affirmatively appear from the face of the complaint that the action was brought within the time prescribed by the statute in order for the court to assume jurisdiction."

The plaintiff's complaint in this case was filed one day after the statutory period of fifteen days had expired. No reasons have been offered for the failure of the plaintiff to file within the statutory period of time. Notwithstanding the plaintiff's apparent diligence to comply with the time requirement, the statute states in unambiguous terms that a bill in equity must be filed within fifteen days of the mailing of the review committee's determination. This court concurs with the opinion of the court in Lautares v. Smith and therefore holds that the plaintiff's complaint must be dismissed. An order in conformance with this memorandum will this day be entered.