458

Andrew GAITHER

v.

John W. GARDNER, Secretary of Health, Education and Welfare.

Civ. No. 17492.

United States District Court

D. Maryland.

Jan. 24, 1969.

Karl H. Goodman, and Gordon & Goodman, Baltimore, Md., for plaintiff.

Stephen H. Sachs, U. S. Atty., and Stephen D. Shawe, Asst. U. S. Atty., for defendant.

FRANK A. KAUFMAN, District Judge.

In this action Andrew Gaither seeks review and modification of a decision of the Appeals Council of the Social Security Administration in a controversy relating to certain benefits claimed to be due the plaintiff under the provisions of Title 2 of the Social Security Act. Plaintiff has pursued the administrative procedures provided thereunder and a final decision was made which, in effect, denied the plaintiff the relief sought. Jurisdiction for this Court is claimed under Title 42 of the United States Code.

The relevant parts of Title 42 of the United States Code provide:

(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * *

(h) The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 [the section of the Judicial Code defining the jurisdiction of the federal district courts which has been superseded by section 1331 et al. of new Title 28 U.S.C.A.] to recover on any claim arising under this subcchapter. [42 U.S.C.A. § 405(g) and (h)].

It is claimed by the Government, and admitted by Mr. Gaither, that the com-

plaint was not filed within the sixty-day period provided in 42 U.S.C.A. § 405(g). On May 26, 1966, the Appeals Council sent by certified mail to the plaintiff the notice of its action on his request for review, a part of which is as follows:

> If you desire a review of the hearing examiner's decision by a court, you may commence a civil action in the district court of the United States in the judicial district in which you reside *within sixty (60) days* from this date.

No extension of the time period was sought or was granted. This action was commenced by the filing of the complaint in the Clerk's Office on July 26, 1966, Fed.R.Civ.P. 3, sixty-one days from the date of the mailing of the notice of the decision.

Under those circumstances, this Court lacks jurisdiction of the subject matter of this action. Section 205 (g) of the Social Security Act (42 U.S.C.A. 405g) contains the sole jurisdictional basis for maintaining an action against the Secretary of Health, Education, and Welfare for judicial review of a final decision of the Secretary in connection with a Title 2 claim. Although it may seem technical and harsh to dismiss a suit because it was filed one day late, Congress has clearly evidenced its intent to waive governmental immunity in suits for judicial review of final decisions by the Secretary on Title 2 claims, only if those suits comply expressly with the requirements of Section 205(g). See Section 205(h) quoted supra.

In Zeller v. Folsom, 150 F.Supp. 615–617 (N.D.N.Y.1956), the Court, in granting the defendant's motion to dismiss, held that "the court lacks jurisdiction of the subject matter of this action" because the action was not commenced within the sixty-day statutory period specified in Section 205(g) of the Social Security Act. The complaint in that case was filed on the sixty-first day, just one day too late. The courts

have been uniform in adhering to this rule. See Hobby v. Hodges, 215 F.2d 754, 759 (10th Cir. 1954); Pennsylvania Company for Insurance, etc. v. Deckart, 123 F.2d 979, 985 (3d Cir. 1941); Frost v. Ewing, 13 F.R.D. 432 (W.D.Pa.1953).

For the reasons set forth hereinabove, it is, this 24th day of January, 1969, by the United States District Court for the District of Maryland, ordered:

1. Defendant's motion to dismiss is hereby granted.

2. The Clerk is directed to mail copies of this Memorandum and Order to the plaintiff and to the United States Attorney for the District of Maryland.