**Frank MACK**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare.**

**Civ. A. No. 69–1422.**

United States District Court, W. D. Pennsylvania.

May 22, 1970.

Frank Mack, pro se.

Douglas D. McBroom, Asst. U. S. Atty., for the Secretary.

## OPINION

ROSENBERG, District Judge.

The defendant, Robert H. Finch, Secretary of Health, Education and Welfare, has here filed a Motion To Dismiss the above entitled case because it was not timely filed.

The action here is an appeal from the decision of the Secretary of Health, Education and Welfare denying the plaintiff's claim for disability benefits under the Social Security Act, 42 U.S.C. § 405(g). Attached to the motion is an affidavit of James H. Nease, Chairman of the Appeals Council, and from the whole record I find that by letter of October 20, 1969 which was mailed to the plaintiff by certified mail on the same date (Exhibit No. 1 to Government's motion), the plaintiff was notified of the denial of his petition for disability benefits by the Appeals Council; that the letter also stated "If you desire a review of the hearing examiner's decision by a court, you may commence a civil action in the district court of the United States in the judicial district in which you reside *within sixty (60) days from this date,*" and that a sixty-day period from October 20, 1969 ended Friday, December 19, 1969, and, that the plaintiff filed this suit on Monday, December 22, 1969.

The plaintiff argues here, and cites the Pennsylvania Statutory Construction Act, 1937, May 28, P.L. 1019, art. I, § 1, 46 P.S. § 501 et seq., that he had until Monday, December 22, 1969 in which to file his appeal for the reason that the intervening Saturday and Sunday extended the time for his benefit.

The section of the statute upon which the plaintiff must stand, if he stands at

all, is Title 42 U.S.C. § 405(g), which states in pertinent part

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * *"

That statutory provision is precise. A sixty-day period within which a review of the Social Security Appeals Council can be commenced means sixty days from the date of the mailing of the decision of the Secretary.

While the statute places a discretionary right in the Secretary to further extend the time, neither the extension was allowed nor does the record disclose that additional time was requested. This is an administrative matter with which the plaintiff should have concerned himself. It is not a matter into which a court may intrude. Congress has enabled a social security claimant, after final determination of his administrative remedy, to pursue a review of the matter before the district court within sixty days after notice from the administrative agency. Jurisdiction in the district court depends therefore upon the claimant pursuing his remedy in the district court within that period of time. This period is legislative and cannot be altered by the courts.

If, and when a review is sought and filed with the district court within that sixty-day period of time, that determines the jurisdiction of the court to hear the matter. Jamieson v. Folsom, 311 F.2d 506, C.A. 7, 1963, cert. den. 374 U.S. 487, 83 S.Ct. 1868, 10 L.Ed.2d 1043; Larson v. Romney, 298 F.Supp. 1267 (D.C.N.D. 1969); Gross v. Celebrezze, 246 F.Supp. 66 (N.D.Ind. 1965); Robinson v. Celebrezze, 237 F.Supp. 115 (E.D.Tenn. 1967); Bowen v. Secretary of Health, Education and Welfare, 46 F.R.D. 41 (W.D.Mich. 1968).

While it seems harsh to deny the plaintiff a right to prosecute this action further, his remedy must depend upon Congressional authority. However, the loss, if any he suffers, results from his own dereliction in depriving the court of jurisdiction because of his failure to file within the sixty-day period.

The defendant's Motion To Dismiss must be allowed.