**Mrs. Bennie RICHARDSON**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, SOCIAL SECURITY ADMINISTRATION.**

Civ. A. No. 75–1830.

United States District Court,
E. D. Pennsylvania.

Oct. 10, 1975.

Charles David Milstein, Temple Legal Aid, c/o Mark F. Seltzer, Legal Intern, Philadelphia, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., William J. McGettigan, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

GORBEY, District Judge.

This is an action to review a final decision of the Social Security Administration by the Secretary of Health, Education and Welfare of the United States of America, denying plaintiff's claim for disability benefits under §§ 216(i) and 223 of the Social Security Act, as amended.

After the first denial of benefits, plaintiff made a timely request for reconsideration and the prior action was affirmed. The plaintiff then filed a timely written request for a hearing before an Administrative Law Judge. The hearing was conducted on September 5, 1974, and on January 20, 1975, the Administrative Law Judge filed his decision, affirming the original determination of no liability.

On March 10, 1975, plaintiff filed a written request for a review by the Appeals Council of the Social Security Administration. On April 29, 1975, the Appeals Council affirmed the decision of the Administrative Law Judge, and by certified mail, addressed to plaintiff at her home, 3031 North Bonsall Street, Philadelphia, Pennsylvania, 19132, notified her of the decision and of her right to commence a civil action within sixty (60) days from the *date* of the letter under § 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)) and Section 422.210 of the Social Security Administration Regulations No. 22 (20 C.F.R. 422.210).

A copy of this notice is attached as Exhibit 1 bearing date of April 29, 1975, to the Government's motion to dismiss and accompanying affidavit. On such notice is an indication that a carbon copy of said notice was mailed to a named attorney.

Docket entries reveal that on June 26, 1975, plaintiff filed with the Clerk of Court her petition for leave to file *in forma pauperis*. On July 1, 1975, the complaint in this civil action was duly filed. Thus, the crucial dates involved are April 29, 1975, the date of the certified mail letter sent by the Appeals Council, and July 1, 1975, the date of the filing of the complaint in this court, or an elapsed period of sixty-two days.

The statutory right of review as given in 42 U.S.C.A. § 405(g) reads, in part, as follows:

"Any individual, after any final decision by the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow . . . ."

No extension of the sixty days time specified in the notice was granted and no request for such extension was ever made.

■ While two days' delay seems to be insignificant, it must be noted that the right of action here involved is one created by the statute. In such a situation the time limit within which the action must be brought, operates as a *condition* of liability. *Bomer v. Ribicoff,* 304 F.2d 427 (6th Cir. 1962).

In another case, where the delay was three days, the court in granting the Government's motion to dismiss stated:

"While it seems harsh to deny the plaintiff a right to prosecute this action further, his remedy must depend upon Congressional authority. However, the loss, if any he suffers, results from his own dereliction in depriving the court of jurisdiction because of his failure to file within the sixty-day period."

*Mack v. Finch,* 313 F.Supp. 478 (W.D. Pa.1970).

■ Such conclusion is required because "Jurisdiction in the district court depends therefore upon the claimant pursuing his remedy in the district court within that period of time. This period is legislative and cannot be altered by the courts." *Supra* at 479. Otherwise stated: "Where the government conditionally waives its immunity from suit, there exists no discretion in this court to nullify the conditions imposed." *Zeller v. Folsom,* 150 F.Supp. 615, 617 (N.D.N.Y.1956), in which the complaint was filed *one* day late. *See also Hobby v. Hodges,* 215 F.2d 754 (10th Cir. 1954); *Ewing v. Risher,* 176 F.2d 641 (10th Cir. 1949); *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L. Ed. 1058 (1941); *N. L. R. B. v. Cheney California Lumber Co.,* 327 U.S. 385, 388, 66 S.Ct. 553, 90 L.Ed. 739 (1946). The aforementioned authorities, along with many others, leave the court with no other option than to dismiss the complaint for lack of jurisdiction.