Emile E. ESTEP, Plaintiff,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 75–0105–CH.

United States District Court, S. D. West Virginia, Charleston Division.

Jan. 9, 1976.

John C. Krivonyak, Charleston, W. Va., for plaintiff.

Ray L. Hampton, II, Asst. U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

This is an action seeking review of a final decision of the Secretary of Health, Education and Welfare, denying plaintiff's claim for black lung benefits pursuant to sections 411(a) and 412(a)(1) of the Federal Coal Mine Health and Safety Act of 1969, as amended. 30 U.S.C.A. §§ 921(a) and 922(a)(1). Review in this Court is based upon the provisions of 30 U.S.C.A. § 923(b), which expressly incorporates Section 205(g) and (h) of the Social Security Act. 42 U.S.C.A. § 405(g) and (h). The case is presently pending before the Court on a Motion to Dismiss filed by the defendant, the basis of said motion being that the action herein was not timely filed and therefor the Court lacks jurisdiction to review this case.

The relevant provisions of Section 205(g) and (h) provide as follows:

"(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within sixty days after the mailing to him of*

*notice of such decision* or within such further time as the Secretary may allow  . . . . .

"(h) The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 24 of the Judicial Code of the United States to recover on any claim arising under this title." (Emphasis added).

Attached to the defendant's Motion to Dismiss is an affidavit of Leonard N. Lawrence, Acting Chief of the Civil Branch of the Bureau of Hearings and Appeals, Social Security Administration, Department of Health, Education and Welfare. From this affidavit and the record as a whole, it is revealed that by letter of December 13, 1974, which was sent by certified mail to the plaintiff on the same day, the plaintiff was notified of the denial by the Appeals Council of his request for benefits. That letter (Exhibit No. 1 to the Government's motion) further stated: "If you desire a review of the decision by a court, you may commence a civil action in the district court of the United States in the judicial district in which you reside *within sixty (60) days* from this date [date of the letter]." A sixty (60) day period from December 13, 1974, ended on February 11, 1975, and the plaintiff filed this action on February 12, 1975.

■■■ The statutory provisions of section 405(g) are a precise statement of the time within which one can seek a review of a decision of the Secretary. It is further firmly established that this time limitation begins to run from the date of the mailing, not from the date of receipt of notice. *Satterfield v. Celebrezze,* 244 F.Supp. 190 (D.C.S.C.1965); *Mack v. Finch,* 313 F.Supp. 478 (D.C.Pa. 1970). The sixty (60) day limit set forth in the statute must be met or the complaint must be dismissed for lack of jurisdiction. The Court of Appeals for the Sixth Circuit succinctly sums up this requirement in the case of *Bomer v. Ribicoff,* 304 F.2d 427 (6th Cir. 1962), when it stated:

"The right of action here sought to be enforced is one created by statute and is limited by the provisions thereof as to the time within which the right must be asserted. Such conditions operate as a condition of liability rather than as a period of limitation and *there can be no recovery unless the condition precedent* is fulfilled." (Emphasis added).

Specific, precise statutory language was created by Congress setting forth the time within which the plaintiff had to pursue judicial review of the Secretary's decision. Jurisdiction of this Court depends upon the plaintiff meeting the condition precedent of timely filing of his action for review. Though only one day late in filing, the plaintiff herein has placed this Court in the position of not having the jurisdiction to review his claim. *Zeller v. Folsom,* 150 F.Supp. 615 (D.C.N.Y.1956); *Knight v. Celebrezze,* 238 F.Supp. 897 (D.C.S.C. 1965).

For the foregoing reasons, the defendant's Motion to Dismiss must be allowed and granted and this action be stricken and removed from the docket of this Court, and it is so ordered.