George SVERHA

v.

David MATHEWS, Secretary of Health, Education and Welfare.

Civ. A. No. 75–2618.

United States District Court,
E. D. Pennsylvania.

Feb. 18, 1976.

Anthony J. Miernicki, Shenandoah, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., and Jeffrey Simcox, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

### MEMORANDUM

GORBEY, District Judge.

Defendant has moved to dismiss or in the alternative for summary judgment. The motion is supported by a memorandum of law and the affidavit of Paul R. Muller, Chief of the Civil Actions Branch of the Bureau of Hearings and Appeals, Social Security Administration, Department of Health, Education and Welfare.

This case arises under Part B, Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended (hereinafter referred to as the Act) 30 U.S.C.

§ 901, *et seq.* Part B establishes a program for the payment of benefits by the Federal Government to coal miners or their survivors who meet the eligibility requirements of the Act and regulations promulgated thereunder. Judicial review of final decisions on claims arising under Part B is provided for and limited by Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g) and (h), as incorporated by reference through Section 413(b) of the Act, 30 U.S.C. § 923(b). The remedy provided by Section 205(g) is obviously exclusive. The relevant provisions read as follows:

> "(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by *a civil action commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Secretary may allow . . .

> "(h) The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 (the section of the Judicial Code defining the jurisdiction of the Federal district courts which has been superseded by section 1331 et seq. of new Title 28 U.S.C.A.) to recover on any claim arising under this subchapter." (Emphasis supplied)

The lack of jurisdiction of any court on any claim arising under Part B, Title IV of the Act, except for judicial review in a timely action brought against the Secretary of Health, Education and Welfare pursuant to Section 205(g), would be just as clear even in the absence of the provisions of Section 205(h) expressly denying any other jurisdiction.

The pertinent facts are set forth in the aforementioned affidavit. A portion thereof reads as follows:

" . . . The official file maintained by the Bureau of Hearings and Appeals relating to the claim of the plaintiff, George Sverha, under title IV, Part B, of the Federal Coal Mine Health and Safety Act of 1969, as amended, is presently within my legal custody and possession and has been examined under my supervision. To the best of my knowledge and belief said file shows that:

"(a) On March 20, 1975, a hearing decision was rendered and a copy was mailed to the plaintiff. Thereafter, the plaintiff requested review of this decision. On July 17, 1975, the Appeals Council sent, by certified mail addressed to the plaintiff at Buck Mountain Road, Barnesville, Pennsylvania 18214, notice of its action on the plaintiff's request for review and of his right to commence a civil action within sixty (60) days (Exhibit 1).

"(b) No extension of the sixty (60) days' time specified in said notice (and in section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. section 405(g)) for the commencement of a civil action was ever granted to the plaintiff nor did he ever file such request for an extension of time for the commencement of such action.

"(c) On September 16, 1975, a civil action was filed in the United States District Court for the Eastern District of Pennsylvania."

It thus appears that the crucial dates are July 17, 1975, the date of mailing by Certified Mail, of the action taken on plaintiff's request for review and of his right to commence a civil action within *60 days of the date* of mailing said notice, a copy of which notice is attached to the affidavit as Exhibit 1, and September 16, 1975, the date the civil action was commenced in the United States District Court for the Eastern District of Pennsylvania. It thus appears that the action was commenced on

the 61st day after the date of mailing the notice, and is, therefore, untimely.

Plaintiff has filed no response to defendant's motion, and no memorandum of law in opposition to the motion. The court is, however, in receipt of a letter from plaintiff's counsel in which it is stated:

"We write to advise that our position in the above case is as follows:

"The Civil Complaint in the above case was mailed to The U.S. District Court on September 13, 1975 but was not received at the Clerk's Office until September 16, 1975. It is our opinion that the claimant should not be penalized for any delay which was occasioned by the U.S. Post Office and the Complaint should therefore stand. We further argue that the appeal period does not begin to run until the date that the same is received by the claimant. There is normally a 4 to 6 day delay between the date of mailing and the date of receipt in each of these cases.

"We will await your decision with respect to this matter.

"Very truly yours,"

With respect to the contention that the appeal period should run from date of receipt and not from the date of mailing, the simple answer is that the statute says it runs from the *date* of mailing, and there is no power in this court to rewrite the Congressional mandate. It is very likely that the date of mailing was selected to avoid the risk of delay in the mails.

With respect to the contention that the delay in commencing the civil action was due to the delay in the mail, the complaint having been mailed on Saturday, September 13, 1975, and being received in the Clerk's office on Tuesday, September 16, 1975, the short answer is that it is common knowledge that there are delays in the mail; therefore, if one chooses to delay action until the last two or three days, unless he files the complaint in person, he has assumed the hazard that follows a late filing which deprives the court of jurisdiction, regardless of its sympathy for the plaintiff.

There is ample authority to support the conclusion that if the complaint is not filed within 60 days of the date of the departmental notice, the result is the same whether the delay be one day or six months—the court has no subject matter jurisdiction.

■■■ It is well settled that, "The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586–587, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). "In awarding a review of an administrative proceeding Congress has power to formulate the conditions under which resort to the courts may be had." *American Power and Light Co. v. S. E. C.,* 325 U.S. 385, 389, 65 S.Ct. 1254, 1256, 89 L.Ed. 1683 (1945). "(W)here a statute creates a right and provides a special remedy, that remedy is exclusive." *United States v. Babcock,* 250 U.S. 328, 331, 39 S.Ct. 464, 465, 63 L.Ed. 1011 (1919).

Obviously in accord are: *Pennsylvania Co. for Insurance, etc. v. Deckert,* 123 F.2d 979 (3d Cir. 1941); *Zeller v. Folsom,* 150 F.Supp. 615 (N.D.N.Y.1956) and *Frost v. Ewing,* 13 F.R.D. 432 (M.D.Pa. 1953) in which there was a delay of one day. *Richardson v. Secretary of Health, Ed. & Welf., S.S.A.,* 403 F.Supp. 1316 (E.D.Pa.1975) in which the complaint was filed on the 63rd day.

The aforementioned authorities, along with many others, leave the court with no other option than to dismiss the complaint for lack of subject matter jurisdiction and to enter summary judgment in favor of the defendant.