Charles F. WISS

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, United States of America.**

Civ. A. No. 75-1732.

United States District Court,
E. D. Pennsylvania.

June 17, 1976.

294

Peter Krehel, Sunbury, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., Mitchell R. Hankin, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

1. Fed.R.Civ.P. 3 provides: "A civil action is commenced by filing a complaint with the court."

2. *See* Exhibit "A" attached to the complaint; Affidavit of Paul R. Muller, ¶ 3(a), attached to defendant's Motion to Dismiss the Complaint.

3. Rule 5(e) of the Federal Rules of Civil Procedure provides that "[t]he filing of pleadings . . . with the court as required by these rules shall be made by filing them with the clerk of the court . . . ." It appears that the complaint in this case was mailed by plaintiff's attorney on June 16, 1975, and received and processed by the Clerk of our Court on June 18, 1975. (*See* Civil Cover Form submitted with the complaint.) In contrast to *service* by mail, which Fed.R.Civ.P. 5(b) states is complete upon mailing, *filing* by mail is not complete until "the complaint is *delivered* to an officer of the court who is authorized to receive it." *Greeson v. Sherman,* 265 F.Supp. 340, 342 (W.D.Va.1967) (emphasis added). Under certain circumstances, delivery of a complaint to the clerk's office or post office box, despite the absence of anyone there to receive it, can constitute "filing" sufficient to preserve a claim.

MEMORANDUM

BECHTLE, District Judge.

Plaintiff brought this suit to obtain judicial review of a final decision of the Secretary of Health, Education and Welfare ("Secretary") which denied his claim for disability benefits under the Social Security Act, 42 U.S.C. § 301 *et seq.* The sole source of jurisdiction for a civil action challenging the denial of claimed benefits is 42 U.S.C. § 405(g). *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). That statute requires, *inter alia,* that a suit of this type be "commenced within sixty days after the mailing" to the claimant of notice of the Secretary's adverse decision.[1] The notice in this case was mailed on April 18, 1975.[2] Accordingly, the 60-day time limit expired on June 17, 1975. Plaintiff's complaint was filed on June 18, 1975.[3] Defendant has filed a motion to dismiss the complaint for lack of jurisdiction. We will grant the motion.[4]

While the 60-day statute of limitations contained in 42 U.S.C. § 405(g) is waivable by the parties, *Weinberger v. Sal-*

*See Freeman v. Giacomo Costa Fu Andrea,* 282 F.Supp. 525 (E.D.Pa.1968); *Hetman v. Fruit Growers Express Co.,* 200 F.Supp. 234 (D.N.J. 1961); *Johnson v. Esso Standard Oil Co.,* 181 F.Supp. 431 (W.D.Pa.1960). However, in this case, there is no suggestion that there was an unattended receipt of the complaint within our Clerk's dominion prior to the expiration of the statutory time period on June 17, 1975.

4. Due to our disposition of the merits of the motion, it is unnecessary to decide whether the motion should be granted due to plaintiff's failure to file a response. Rule 36 of this District's Local Rules of Civil Procedure states that any party desiring to oppose the granting of a motion "*shall* file with the judge to whom the case is assigned a brief or memorandum in opposition thereto . . . ." (Emphasis added.) We reiterate, in the civil context, what this Court previously stated in *United States v. Frumento,* 405 F.Supp. 23, 29 n.1: "[N]on-compliance with any Local Rule is a practice to be strongly condemned and one which will be penalized if the circumstances warrant such action."

*fi, supra,* 422 U.S. at 764, 95 S.Ct. 2457, it is a restriction upon this Court's jurisdiction which may not be altered by judicial action. *Whipp v. Weinberger,* 505 F.2d 800 (6th Cir. 1974); *Richardson v. Secretary of HEW, Social Security Administration,* 403 F.Supp. 1316 (E.D.Pa.1975). Even one day's delay in filing the action is fatal. *Davidson v. Secretary of HEW,* 53 F.R.D. 270, 271 (N.D. Okl.1971); *accord, Estep v. Weinberger,* 405 F.Supp. 1097 (S.D.W.Va.1976).

Our dismissal of the complaint will be without prejudice to the right of plaintiff to petition the Appeals Council, pursuant to 20 CFR § 404.954 (1975), for an extension of time in which to commence a civil action in a district court. While we intimate no view as to how such a petition should be treated, we believe the circumstances of this case merit granting plaintiff the opportunity to seek such an extension.

An appropriate Order will be entered.