Edward A. PALUCIS, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of the United States Department of Health and Human Services, Defendant.

Civ. A. No. 81–392.

United States District Court,
W. D. Pennsylvania.

Sept. 15, 1981.

Arthur M. Wilson, Washington, Pa., for plaintiff.

Barbara C. Davis, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

Plaintiff brought this action for judicial review of the decision of the Secretary dismissing plaintiff's request for a hearing on plaintiff's second application for disability benefits under Title II of the Social Security Act. The Secretary has filed a motion to dismiss on the grounds that plaintiff has failed to state a claim upon which relief can be granted and that this Court is without subject matter jurisdiction. For the reasons set forth below, the motion will be granted.

Judicial review of cases arising under Title II of the Social Security Act is provided in, and expressly limited by, section 205(g) and (h) of the Social Security Act, 42 U.S.C. § 405(g) and (h). Section 205(g) reads, in pertinent part:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

Section 205(h) reads, in pertinent part:

> No findings of fact or decision of the Secretary shall be reviewed by any . . . tribunal . . . except as herein provided.

No action against the United States, the Secretary ... shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Thus, judicial review of Title II claims lies under section 205(g) and requires 1) a hearing in which the plaintiff was a party, 2) a final decision of the Secretary, and 3) timely commencement of a civil action.

### Original application

Plaintiff filed his original application for disability benefits under Title II of the Social Security Act and pursued it through all stages of the administrative process receiving an adverse final decision of the Secretary on August 22, 1980. Plaintiff did not seek judicial review of this final decision and did not commence the present action until March 13, 1981. Although the Secretary's August 22, 1980 final decision was subject to timely judicial review, plaintiff's filing of an untimely action cannot invest this Court with jurisdiction to review the Secretary's final decision. See *Richardson v. Secretary HEW*, 403 F.Supp. 1316 (E.D. Pa.1975); *Mack v. Finch*, 313 F.Supp. 478 (W.D.Pa.1970).

■ Plaintiff has filed an affidavit explaining why he did not seek judicial review of the Secretary's final decision. This affidavit may be read as an argument that the 60 day limit is not controlling in this case. Plaintiff avers that he suffers from a mental or nervous condition which, his counsel argues, impaired plaintiff's ability to monitor and direct the proper disposition of his claim. Plaintiff further avers that he was not represented by counsel during the administrative proceedings and relied on the advice of employees of his local Social Security office as to the proper procedures. Plaintiff avers that these employees directed him to file a second application after plaintiff received the Secretary's final decision.

In *Saxon v. Celebrezze*, 241 F.Supp. 152 (W.D.S.C.1965) the court was faced with very similar facts. In that case the plaintiff claimed insufficient mental capacity and claimed she failed to seek timely judicial review of an adverse final decision of the Secretary because she relied on advice of employees of the local Social Security office to file a second application. The court addressed the question of whether there was a compelling reason for allowing the action to proceed and stated at 156:

However, could it be said that she was misled, it is hornbook law that the Government is not bound by the acts of any of its agents, servants, or employees, when said acts are made outside the scope of the agent's authority. See *United States v. Goldtra*, 312 U.S. 203, 61 S.Ct. 487, 85 L.Ed. 776. No employee of the Social Security District Office has authority, nor did the claimant make any attempt to show such authority, to advise persons on proper procedure for bringing actions in Federal District Courts.

This Court likewise concludes the plaintiff in the present action was bound by the 60 day limit and therefore this Court is without jurisdiction to review the August 22, 1980 final decision of the Secretary.

### Second application

■ Plaintiff filed a second application for disability benefits which was denied initially and upon reconsideration. Plaintiff's request for a hearing on this application was dismissed on the basis of administrative res judicata.[1] Plaintiff did not request further administrative review of this dismissal decision, but instead filed the present action for judicial review of the dismissal decision. Under the applicable regulations and practice, the decision of the Secretary dismissing plaintiff's request for a hearing is not a final decision of the Secretary. Therefore this Court is without jurisdiction to review the Secretary's dismissal decision. 42 U.S.C. § 405(g); *Coy v. Folsom*, 228 F.2d 276 (3d Cir. 1955).

This Court is fully aware that this plaintiff is out of court. This Court lacks jurisdiction to review the final decision on plaintiff's original application; at this time there is no final decision on plaintiff's second

---

1. The administrative law judge concluded that there was no new and material evidence presented which would affect the resolution of the previously decided issue of disability.

application which this Court can review, and most importantly, at this point it appears possible that plaintiff's second application will never mature into a judicially reviewable final decision. While the result may appear harsh, the rationale was explained by the Supreme Court in *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977):

> This provision [section 205(g)] clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made after a hearing." . . . Moreover, an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits . . . Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

For all of the foregoing reasons, defendant's motion to dismiss will be granted. An appropriate order shall issue.