**Pasqualina CHIARADONNA**

v.

**Richard S. SCHWEIKER.**

Civ. A. No. 82–2566.

United States District Court,
E.D. Pennsylvania.

Aug. 25, 1983.

Abraham A. Leizerowski, Philadelphia, Pa., for plaintiff.

Stanley Weinberg, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff Pasqualina Chiaradonna, ("Chiaradonna") brought this action seeking judicial review of the Social Security Administration's ("SSA") denial of her claim for disability benefits. The Government has filed a motion to dismiss this case because plaintiff failed to bring this action within 60 days of SSA's final decision on her claim. For the reasons hereinafter set forth, the Court will treat the Government's motion as one seeking summary judgment and grant the aforesaid motion.

The following facts are uncontested. Plaintiff filed for Social Security Disability benefits on January 5, 1981. She requested

an administrative hearing which was held on October 23, 1981. The Administrative Law Judge found that she was not permanently disabled and rendered a decision denying her claim on December 15, 1981. Plaintiff appealed this decision to the SSA Appeals Council. On March 23, 1982, the Council affirmed the decision of the Administrative Law Judge. On April 1, 1982, the Appeals Council drafted and mailed to the plaintiff at her home address, notice of its action affirming the Administrative Law Judge's denial of her benefits and advising her of her right to commence a civil action within 60 days of the date of her receipt of the notice of the Appeals Council action. A similar Notice of the Appeals Council decision was also mailed on the same date to plaintiff's counsel who represented her during the administrative hearing and continues to represent her in this litigation. On June 14, 1982, plaintiff's complaint commencing this action was filed with the Clerk of this Court.

The parties disagree as to the date on which plaintiff received the notice from the Appeals Council. Plaintiff contends that the notice which her attorney received is postmarked April 11, 1982, that plaintiff is entitled to a presumption that the notice was not received until at least three days later, and that her complaint filed June 14 was therefore filed within the 60-day period required for judicial review of a final SSA determination adverse to the plaintiff as required by 42 U.S.C. § 405(g). The government, on the other hand, contends that the notice is postmarked April 1, 1982. Plaintiff has submitted a photocopy of an envelope addressed to her attorney which, although blurred, may be read as bearing an April 11, 1982 postmark. The Government contends that the notice to plaintiff was in fact mailed on April 1, 1982, and has submitted affidavits which show that the notice was sent on April 1 and that it was received by counsel for the plaintiff on April 5, 1982.

The affidavit of Herman Briscoe, chief of the mail unit of the Social Security Administration's office of hearings and appeals, details the regular procedures used by the mail unit in dispatching notices of the Appeals Council's decision. These regularly kept records show that the mail unit receives notices from the Appeals Council and immediately sends them to the addressee by certified mail. When the item is received, a mail room employee charged with processing the notices places a mail room stamp on the upper right hand corner of the item, assigns a certified mail number, and enters the item in the log book in numerical order based on the certified mail number. The mail unit employee also places a stamp on the envelope which says "certified" and writes the certified number on the envelope. The Postal Service prepares and affixes a pink delivery receipt to the envelope. All of these stamps and entries are made as part of the process of mailing items from the Unit and it is the regular practice of the Unit to make such stamps and entries.

In support of its motion, the United States has submitted a photocopy of the notice sent to plaintiff. The upper right hand corner bears the mail unit's stamp and indicates that the notice was sent by certified mail letter no. 32740. The government has also submitted a photocopy of the envelope which is at issue and points out that the envelope bears the certified mail stamp and is numbered 32740. The postmark on the envelope, as heretofore noted, is blurred and unclear. The government contends the postmark shows an April 1 date; the plaintiff contends the envelope shows an April 11 date. The government has also submitted a photocopy of the mail unit log for April 1, 1982. The log shows an entry for certified mail number 32740 sent to counsel for the plaintiff. The government has also submitted a photocopy of the pink delivery receipt used by the Postal Service for certified mail letter no. 32740. The date stamp affixed to the receipt and initialled by the mail carrier shows the notice to have been delivered to plaintiff's counsel on April 5, 1982. An affidavit of the mail carrier, which has also been submitted by the government, confirms that he delivered this article of mail on April 5, 1982. His hand dating of the pink delivery receipt also corresponds to the April 5, 1982 date stamp

affixed to the receipt. The affidavit of mail unit chief Briscoe also avers that the mail unit log shows only one piece of certified mail, the piece numbered 32740, sent to plaintiff's counsel during the period between April 1, 1982 and April 15, 1982.

Against this array of evidence showing that the Appeals Council notice was in fact received by plaintiff's counsel on April 5, 1982, the plaintiff has submitted only a photocopy of the envelope which contained the notice. As heretofore noted, the postmark on this envelope is blurred and may be read as either "April 1, 1982" or "April 11, 1982". Plaintiff contends that this submission is sufficient to withstand the government's motion to dismiss for failure to commence this action within 60 days of the mailing of the notice of the Appeals Council decision. Plaintiff's contention is patently incorrect.

42 U.S.C. § 405(g) provides:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, *may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow . . . .* The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a hearing. (emphasis added).

Plaintiff did not file a request for an extension of time in which to file a complaint challenging the SSA's denial of disability benefits. Thus, Chiaradonna is bound by the 60-day period specified in 42 U.S.C. § 405(g).

Courts have taken different views of the 60-day period set forth in 42 U.S.C. § 405(g). Some Courts have characterized the 60-day time limit as jurisdictional. *See, e.g., Biron v. Harris,* 668 F.2d 259, 261 (6th Cir.1982) (per curiam); *Whipp v. Weinberger,* 505 F.2d 800 (6th Cir.1974) (per curiam). If the 60-day were a jurisdictional requisite, it would be the plaintiff's burden to establish the existence of subject matter jurisdiction (*see, Mortenson v. First Federal Savings and Loan Association,* 549 F.2d 884 (3d Cir.1977)) by a preponderance of the evidence (*see McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)). However, in 1975, the United States Supreme Court compared the 60-day time period to a statute of limitations, stating that the 60-day period could be waived by the government. *See, Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975). *Accord, Mathews v. Eldridge,* 424 U.S. 319, 329, n. 9, 96 S.Ct. 893, 899, n. 9, 47 L.Ed.2d 18 (1976). Because the Supreme Court has treated the 60-day period as a statute of limitations for purposes of waiver, the 60-day period would also be capable of being tolled under certain factual circumstances. See *Zipes v. Transworld Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (statute of limitations and time limits equivalent to statute of limitations are subject to equitable tolling). One Court in this district has considered the 60-day filing period to be a restriction on the Court's jurisdiction that may be waived by the parties but "may not be altered by judicial action." (*Wiss v. Weinberger,* 415 F.Supp. 293, 295 (E.D.Pa.1977) (Bechtle, J.). Regardless of the label affixed to the 60-day filing period, this Court is convinced that the plaintiff received notice of the Appeals Council decision on April 5, 1982 and did not file suit until June 14, 1982, well after the expiration of the 60-day period. When a plaintiff fails to commence a challenge to a denial of disability benefits within this 60-day period and offers no reason for the delay, the matter must be dismissed (*see,* 42 U.S.C. § 405(g)).

The Government's Motion seeks dismissal of plaintiff's complaint, but is accompanied by affidavits and supporting exhibits. The plaintiff's response also contains an exhibit. Under these circumstances, the Court will treat the Government's motion as one seeking summary judgment pursuant to Fed.R. Civ.P. 56(b) and Fed.R.Civ.P. 12(b) (motion to dismiss presenting matters outside the pleadings shall be treated as one for sum-

mary judgment). Before this Court may grant the Government's motion for summary judgment, the Government must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law (*see,* Fed.R.Civ.P. 56(c)). A party opposing summary judgment on the ground that there exists a genuine issue of material fact must respond to an affidavit with more than a general denial. *See,* Fed.R.Civ.P. 56(e); *Tunnell v. Wiley,* 514 F.2d 971 (3d Cir.1975); *Lesnefsky v. Fischer & Porter Co., Inc.,* 527 F.Supp. 951, 954 (E.D.Pa.1981). Rule 56(e) requires that such a party opposing summary judgment set forth specific facts showing that there is a genuine issue for trial. Plaintiff has not controverted the Government's affidavits which set forth specific facts showing that the plaintiff's counsel received notice of the appeals council's decision on April 5, 1982. The Government has therefore shouldered its burden of showing that there is no genuine dispute as to any material fact and has also shown that it is entitled to judgment as a matter of law. Furthermore, plaintiff has not contended that the 60-day statutory period should be tolled for any reason.

 The plaintiff contends that notice of the appeals council decision was mailed on April 11, 1982. Although plaintiff admits that her complaint was filed more than 60 days after April 11, plaintiff contends that her attorney did not receive the appeals council notice until April 16 and that she may commence an action within 60 days of the receipt of the notice. Although there is some case law supporting plaintiff's view (*see, e.g., Goins v. Harris,* 487 F.Supp. 1200, 1206 (N.D.Iowa 1980)), most courts have held that the complaint must be filed within 60 days of the mailing of the notice (*see, e.g., Estep v. Weinberger,* 405 F.Supp. 1097, 1098 (S.D.W.Va.1976); *Mack v. Finch,* 313 F.Supp. 478 (E.D.Pa.1970)) or earlier (*see, e.g., Thompson v. Schweiker,* 665 F.2d 936, 940 (9th Cir.1982) (complaint must be filed within 60 days of the Appeals Council decision)). Section 405(g) specifically states that an action challenging the Secretary's denial of disability benefits must be filed within 60 days of the *mailing* of the notice

of the Appeals Council decision. Therefore, even if the notice in the instant case was not mailed until April 11, plaintiff still missed the 60-day filing period by three days and the Government's motion should be granted. However, as heretofore noted, the uncontroverted affidavits submitted by the Government show that the notice was in fact mailed on April 1, 1982 and received by plaintiff's counsel on April 5. Thus, plaintiff missed the 60-day filing deadline by at least 9 days according to her interpretation of the law and missed the filing period by 13 days under the clear language of the statute.

Dismissal of this action due to plaintiff's failure to meet the filing deadline by 9 to 13 days may seem harsh. However, federal courts have consistently strictly construed the 60-day time limit set forth in 42 U.S.C. § 405(g) and have dismissed complaints that have missed the filing deadline by as little as one day. *See, e.g., Wiss v. Weinberger,* 415 F.Supp. 293 (E.D.Pa.1976) (1 day); *Gaither v. Gardner,* 295 F.Supp. 458 (Md.1969) (1 day); *Zeller v. Folsom,* 150 F.Supp. 615 (S.D.N.Y.1956) (1 day); *Sverha v. Mathews,* 408 F.Supp. 1064 (W.D.Pa.1976) (1 day); *Richardson v. Secretary of HEW,* 403 F.Supp. 1316 (E.D.Pa.1975) (2 days); 385 F.Supp. 1092 (E.D.Va.1974) (2 days). *Mack v. Finch,* 313 F.Supp. 478 (W.D.Pa. 1970) (3 days).

As the court observed in *Mack v. Finch, supra*

> Jurisdiction in the district court depends therefore upon the claimant pursuing his remedy in the district court within that [60-day] period of time. This period is legislative and cannot be altered by the courts.

313 F.Supp. at 479. Regardless of the harshness of the result, "plaintiff's filing of an untimely action cannot invest this Court with jurisdiction to review the Secretary's final decision." *Palucis v. Schweiker,* 523 F.Supp. 199, 200 (W.D.Pa.1981).

An appropriate order will be accordingly entered.