Sarah O'NEILL

v.

Margaret M. HECKLER, Secretary of Health and Human Services.

C.A. No. 83–4513.

United States District Court, E.D. Pennsylvania.

Feb. 10, 1984.

---

**9.** *See* Defendant's Second Motion for Summary Judgment, its Motion to Dismiss, and supporting memorandum at 30–53.

Thomas Hunt, Philadelphia, Pa., for plaintiff.

Serene H. Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

On May 17, 1974, the plaintiff was determined to be eligible for social security disability benefits. On March 15, 1983, after a hearing before an Administrative Law Judge (ALJ), a decision was rendered that the plaintiff's disability had ceased as of November, 1981. The plaintiff requested a review by the Appeals Council. The Appeals Council decided that the decision of the ALJ was correct, and that became the final decision of the Secretary. On May 11, 1983, the plaintiff was notified of the decision by certified mail, which notice informed her of her right to seek judicial review within sixty (60) days from the date of receipt of the notice. Upon the request of the plaintiff's lawyer, an extension of time was granted to file the civil action. The Order of the Appeals Council extending time to file the civil action is dated July 12, 1983 and grants the plaintiff sixty (60) days from the date of receipt of the letter within which to commence a civil action. The Order stated that the "date of receipt shall be presumed to be five (5) days after the date of this letter, unless there is a reasonable showing to the contrary."

■ The plaintiff therefore had sixty-five (65) days after July 12, 1983 within which to file a complaint. Thursday, September 15, 1983 was the sixty-fifth day after July 12, 1983. The plaintiff, however, filed a request to proceed in forma pauperis, together with the complaint, on September 16, 1983. The complaint was docketed as being filed on September 21, 1983. The court takes judicial notice that the complaint, although given to the court clerk at the same time as the request to proceed in forma pauperis, is not placed on the docket and marked "filed" until after the court grants the forma pauperis request. Thus, although the docket reflects that the complaint was filed on September 21, 1983, we shall accept the date of September 16, 1983 as the actual filing date of the complaint, since it was on that date that it was handed to the clerk, together with the forma pauperis request. The complaint was therefore filed one day late. Presently before the court is the motion of the defendant to dismiss. For the reasons which follow, the motion is granted.

■ The jurisdiction of this court to review an adverse final decision of the Secretary is conferred by 42 U.S.C. § 405(g). That statute and the relevant regulations at 20 C.F.R. § 422.210 provide that a civil action must be commenced within sixty (60) days after mailing of notice of the Secretary's decision. This court has held:

> While the 60-day statute of limitations contained in 42 U.S.C. § 405(g) is waivable by the parties, *Weinberger v. Salfi, supra,* 422 U.S. [749] at 764, 95 S.Ct. 2457 [45 L.Ed.2d 522], it is a restriction upon this Court's jurisdiction which may not be altered by judicial action. *Whipp v. Weinberger,* 505 F.2d 800 (6th Cir. 1974); *Richardson v. Secretary of HEW, Social Security Administration,* 403 F.Supp. 1316 (E.D.Pa.1975). Even one day's delay in filing the action is fatal. *Davidson v. Secretary of HEW,* 53 F.R.D. 270, 271 (N.D.Okl.1971); *accord, Estep v. Weinberger,* 405 F.Supp. 1097 (S.D.W.Va.1976).

*Wiss v. Weinberger,* 415 F.Supp. 293, 294–5 (E.D.Pa.1976).

The relevant statute [1] and the Order of the Appeals Council dated July 12, 1983 contain a limitation of sixty days for the

1. 42 U.S.C. § 405(g)

plaintiff to commence her action. The period of sixty days begins from the date of receipt by the plaintiff of the denial letter. Here, the plaintiff was given five days from the date of the Order dated July 12, 1983 to presumably receive the letter before the limitation period of sixty days began to run. The plaintiff was given an opportunity to refute the five days presumption of receipt of the July 12 Order by a reasonable showing to the contrary, which she failed to do. The presumption that she received the July 12 Order on July 17, 1983 prevails. Sixty (60) days after July 17, 1983 results in a closing date for the plaintiff to commence her action as September 15, 1983, an non-holiday Thursday. Since plaintiff admits she did not file her complaint until September 16, 1983, this court is without jurisdiction to review the decision of the Secretary, and the motion of the defendant to dismiss is granted.