**Shayne E. TUCKER, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. S86–553.**

United States District Court, N.D. Indiana, South Bend Division.

March 29, 1988.

Robert W. Bornholt, Valparaiso, Ind., for plaintiff.

Clifford D. Johnson, Asst. U.S. Atty., South Bend, Ind., for defendant.

### MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on a motion by the defendant Secretary of Health and Human Services to dismiss plaintiff Shayne Tucker's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Secretary contends that plaintiff Shayne Tucker failed to file her complaint with the clerk of the district court within the sixty-day period prescribed by 42 U.S.C. § 405(g), and, therefore, her complaint is time barred. The court must determine whether the placing of plaintiff's complaint and filing fee in the United States mail on September 26, 1986 in Valparaiso, Indiana addressed to the Clerk of the Court in South Bend, Indiana constituted a timely filing for purposes of 42 U.S.C. § 405(g).

The Secretary sent Ms. Tucker her final notice on July 25, 1986. Allowing five days for mail service, 20 C.F.R. § 422.210, Ms. Tucker had to file her complaint in this court within sixty-five days from the receipt of the final notice or September 27, 1986. Since September 27 fell on a Saturday, September 29, 1986 was the last date on which to file a timely complaint. Fed.R. Civ.P. 6. The docket and the file-stamp on the face of the complaint bear the date of October 1, 1986, three days beyond the filing deadline.

Section 405(g) states:

Any individual, after any final decision of the Secretary made after hearing to which he was a party, irrespective of the amount in controversy, may obtain within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow

. . .

The sixty-day requirement constitutes a statute of limitations and is waivable by the parties. *Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9, 96 S.Ct. 893, 899 n. 9, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed. 2d 522 (1975). The Secretary asserts that Ms. Tucker sought no extension of time, and therefore no waiver was granted.

Ms. Tucker argues no equitable grounds for extending the filing period. Instead, she argues that her filing was timely. She tenders the affidavit of Bobbie Frizzell stating that on Friday, September 26, 1986 the complaint was placed in the United States Post Office in Valparaiso, Indiana with proper first class postage and addressed to the Clerk, United States District Court, Northern District of Indiana, South Bend Division.[1] Ms. Tucker also submits a photocopy of a check dated September 26, 1986 that accompanied the complaint.

In *Arkansas Motor Coaches v. Commissioner of Int. Rev.*, 198 F.2d 189 (8th Cir. 1952), the court faced a similar situation involving the filing, with the clerk of the United States Tax Court, of a petition for review that had to be filed within ninety days from receipt of the Commissioner's notice of tax liability. The court found that the plaintiff had done everything within its power to effectuate the filing deadline: it had deposited its petition for review in the United States Post Office and directed it to be sent by air mail, securely wrapped and properly addressed to the clerk of the United States Tax Court, with proper postage affixed. The court looked to the average time it would take mail to travel from Dallas, Texas to Washington D.C. The petition bore a file-stamp indicating it had been filed one day late.

The *Arkansas Motor Coach* court concluded that the fault for the tardy filing might lie with some government employee (either the United States Postal Service or clerk's office employees), but fault should not rest on the plaintiff's shoulders: "The government should not be permitted to take advantage of the negligence or fault of its own employees to defeat this taxpayer in its efforts to have its day in court." *Id.* at 192.

---

1. The file-stamp on the complaint indicates an over-the-counter filing. The court will, however, accept the plaintiff's affidavit as the method used to file her complaint.

In *Wiss v. Weinberger*, 415 F.Supp. 293 (E.D.Pa.1976), the court found the filing of a petition for social security review untimely. The plaintiff, required to file his petition by June 17, 1975, mailed his petition on June 16; the court received the petition on June 18. The court noted that delivery of a complaint to a clerk's unattended post office box can constitute filing, but "in this case, there is no suggestion that there was an unattended receipt of the complaint within our Clerk's dominion prior to the expiration of the statutory time period on June 17, 1975". 415 F.Supp. at 294 n. 3.

 Ms. Frizzell's affidavit, coupled with certain presumptions recognized by the law, provides the court with the evidence that was missing in *Wiss v. Weinberger, supra.* In the ordinary course of the United States mail, the letter sent on Friday, September 26, from Valparaiso to South Bend should have taken two days to arrive; because the second day was a Sunday, delivery should have been made on Monday, September 29. When a complainant attempts to make a filing, the filing is completed when the document is placed in the clerk's post office box. *Buxton v. Lovell,* 559 F.Supp. 979 (S.D.Ind.1983); *Hetman v. Fruit Growers Express Co.,* 200 F.Supp. 234 (D.N.J.1961); *Johansson v. Towson,* 177 F.Supp. 729 (M.D.Ga.1959). The law presumes delivery of a properly addressed piece of mail. *McPartlin v. Com'r of Internal Rev. Serv.,* 653 F.2d 1185 (7th Cir.1981). The strong presumption that the complaint which was properly addressed, affixed with first class postage, and mailed at the United States Post Office in Valparaiso was received by the addressee of the envelope in the ordinary course of the mails has not been refuted. This presumption leads the court to find, as the *Wiss* court could not, that the complaint must have been placed in the clerk's post office box by September 29, the date by which the complaint had to be filed.[2]

Accordingly, the court finds the action was commenced within the time required by the provisions of 42 U.S.C. § 405(g), and the defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction is DENIED.

SO ORDERED.

---

2. Of course, the issue never would have arisen had the complaint been filed in person rather than by mail.