**Richard M. MAGULA, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–195.**

United States Court of Veterans Appeals.

Submitted June 25, 1990.

Decided Nov. 7, 1990.

Daniel A. Miscavige on the pleadings, Hazleton, Pa., for appellant.

Raoul L. Carroll, Gen. Counsel, Andrew J. Mullen, then Acting Asst. Gen. Counsel, and Joan E. Moriarty on the pleadings, Washington, D.C., for appellee.

Before KRAMER, IVERS and STEINBERG, Associate Judges.

KRAMER, Associate Judge:

## SUMMARY OF OPINION

The appellant, Richard M. Magula, filed an appeal with the Court from a Board of Veterans' Appeals (BVA) decision. The Secretary of Veterans Affairs (Secretary) moved to dismiss the appeal for lack of jurisdiction on the grounds that the filing date of the Notice of Disagreement (NOD) was October 28, 1988, the date on which the Philadelphia, Pennsylvania, Regional Office (Regional Office) received the NOD. The appellant has always maintained that his NOD was filed on December 13, 1988, the date the NOD was recorded by the Regional Office. Under the Veterans' Judicial Review Act (Act), the Court has jurisdiction to hear an appeal in which an NOD is filed on or after November 18, 1988. The Court holds that the NOD was filed on October 28, 1988, the date it was received by the Regional Office, and that the Court

is thus without jurisdiction. The motion of the Secretary to dismiss is granted.

## PROCEDURAL HISTORY

On January 24, 1990, the BVA denied appellant service connection for chronic organic gastrointestinal disorder. The appellant filed a timely Notice of Appeal with the Court in which he stated that the NOD filing date was December 13, 1988. The Secretary filed a motion to, among other things, dismiss for lack of jurisdiction alleging that the appellant's NOD was filed on October 28, 1988. The record shows that the NOD was stamped as follows: on its reverse side, "RECEIVED OCT 28, 1988 ADJUDICATION PHILA., PA."; and on its front side, "Notice of Disagreement recorded DEC 13, 1988". The appellant responded by continuing to state that his NOD was filed on December 13, 1988. It is agreed by the appellant and the Secretary that the NOD was received and recorded by the Regional Office on the dates indicated. However, the Secretary contends that the NOD was filed on the date it was received and the appellant contends that the filing date was the date the NOD was recorded. The issue before the Court is on which date was the NOD "filed" under the terms of 38 U.S.C. § 4005(b)(1) (1988).

## ANALYSIS

The Act provides that the new provisions relating to judicial review "shall apply with respect to any case in which a notice of disagreement is filed under section 4005 of title 38, United States Code, on or after ... [November 18, 1988]." Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988). Section 4005(b)(1) states that the NOD

shall be filed within one year from the date of mailing of notice of the result of initial review or determination ... and be filed with the activity which entered the determination with which disagreement is expressed....

If an NOD is not filed within this one-year period, this review or determination becomes final. 38 U.S.C. § 4005(b)(1) (1988).

In *Skinner v. Derwinski*, 1 Vet.App. 2 (1990), the Court held that it had jurisdiction to hear an appeal only when the NOD

was filed on or after November 18, 1988. Therefore, if the appellant's NOD was filed on the date it was received by the Regional Office, that is, October 28, 1988, the Court does not have jurisdiction. However, if the appellant's NOD was filed on the date it was recorded by the Regional Office, that is, December 13, 1988, the Court has jurisdiction.

The Adjudication Procedures Manual, 21–1 (Manual), provides that "[a]n appellate review is initiated by receipt of a notice of disagreement, in writing, filed with the activity which made the determination with which disagreement is expressed...." Manual, Paragraph 18.01a. Paragraph 18.01b of the Manual further provides that "[u]pon receipt of a claimant's written notice of disagreement, the agency of original jurisdiction will review the claim and take any development or other adjudicative action as the facts warrant...." Paragraph 18.05a of the Manual states that "[f]ollowing timely receipt of a written notice of disagreement ... the [Regional Office] ... will review the claim and determine whether any development or other action is indicated."

In contrast, paragraph 18.06a of the Manual discusses the "automated appeal record" which "will reflect the status of appeals from the initial filing of a notice of disagreement through final disposition by the BVA." In this context, paragraph 18.-06b of the Manual is titled "Recording the Notice of Disagreement...."

Paragraph 18.01(a) of the Manual is in accord with the case law interpreting Federal Rule of Civil Procedure 5(e) which governs the filing of pleadings and other documents in a United States district court. These cases consistently hold that a document is deemed filed when actually received by the clerk of the court and not when some other processing event occurs. See 2 *J. Moore and J. Lucas, Moore's Federal Practice* ¶ 5.11 (2d ed. 1988); *Cooper v. City of Ashland*, 871 F.2d 104, 105–06 (9th Cir.1989); *cf. Greenwood v. State of N.Y. Office of Mental Health*, 842 F.2d 636 (2d Cir.1988); *Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir.1986); *Tucker v. Secretary of Health and Human Services*, 684 F.Supp. 556, 558 (N.D.Ind.1988); *Buxton v. Lovell*, 559 F.Supp. 979 (S.D.Ind. 1983); *Wiss v. Weinberger*, 415 F.Supp. 293, 294 (E.D.Pa.1976).

Because of the one-year time requirement, it usually is to the veteran's advantage for an NOD to be filed as early as possible. The time that an NOD is received will always be earlier than the time it is recorded. The date of receipt involves no discretion on the part of the Regional Office. It is whatever date the NOD is received by the Regional Office from the veteran. On the other hand, while the recording of the NOD is no more than a clerical entry, the date of this entry is one over which the Regional Office has significant discretion and control. It would be patently unfair for the Regional Office to have the capability to delay the recording of an NOD beyond the one-year time limit and thereby deny a veteran the right to appeal.

For the reasons stated above, we hold that an NOD is deemed filed on the date it is received. Accordingly, as the NOD here was filed prior to November 18, 1988, the motion of the Secretary to dismiss for lack of jurisdiction is granted.

*It is so Ordered.*